THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT.

(No. 2252—Decided July 28, 1987.)

*Richard J. O'Neill,* city prosecutor, for appellee.

*Rodger P. Smith, pro se.*

FAIN, J. Defendant-appellant Rodger P. Smith was convicted of assault after a bench trial, and sentenced to six months' imprisonment. Smith claims that he was improperly deprived of his right to a jury trial, and that his conviction was against the weight of the evidence. We agree with

Smith that he had the right to a jury trial, which he had not waived. Accordingly, his conviction will be reversed.

Smith was charged with two counts of assault. By written entry, he pled not guilty and demanded a jury trial. It appears, from an affidavit of the trial judge attached as an exhibit to the state's brief, that Smith's attorney orally waived Smith's right to a jury trial the day before the scheduled trial, in connection with a request that the trial be continued until a later date. The trial court evidently granted the request and rescheduled the trial as a bench trial. At no time did Smith sign or file a written waiver of his right to a jury trial, in accordance with R.C. 2945.05.

At the rescheduled time, Smith was tried without a jury and was found guilty on one count and not guilty on the other count. He was sentenced accordingly.

Smith appeals from his conviction, assigning the following errors:

First Assignment of Error

"The trial court erred in denying the appellant a trial by a jury where appellant had requested in writing and within proper time that he be tried by a jury and did not waive a jury trial."

Second Assignment of Error

"The trial court's finding [that] the appellant was guilty of assault is against the weight of the evidence."

R.C. 2945.05 provides that waivers of trial by jury in criminal cases must be in writing and signed by the defendant. In *State* v. *Tate* (1979), 59 Ohio St. 2d 50, 54, 13 O.O. 3d 36, 38, 391 N.E. 2d 738, 740, it was held that R.C. 2945.05 prescribes "the mandatory procedure for waiving the right to a jury trial in a petty offense case, once it has been demanded." In *Tate,* as in this case, affidavits were presented to the appellate court indicating that the defendant's attorney had orally waived the defendant's right to a jury trial during a discussion with the trial judge. In footnote 1, the Supreme Court noted as follows:

"Affidavits were presented to the Court of Appeals indicating that attorney Gaines orally waived appellant's right to a jury trial during a discussion with the judge. The Court of Appeals found that these affidavits 'do not meet the definition of the record on appeal as set out in App. R. 9, and accordingly cannot be considered.' While we concur in this ruling, it should become apparent that the presence of these affidavits would change neither the reasoning of this opinion, nor our final judgment."

From that footnote, it is obvious that the Supreme Court regards as immaterial evidence or claims of oral waivers of a right to a jury trial.

Since Smith proceeded at the trial without a jury without objection, it can be fairly argued that by his now assigning as error the deprivation of his right to a trial by jury, he is effectively sandbagging the trial court and prosecutor. In *State* v. *Tate, supra,* Justice Holmes, concurring, observed that although "sandbagging" was precisely the effect of the reversal in that case, he concurred based on the language of R.C. 2945.05. Justice Holmes expressed the hope that the General Assembly would amend the statute. The statute has not been amended.

On the authority of *State* v. *Tate, supra,* we hold that Smith never effectively waived his right to a jury trial, so that his conviction following a bench trial must be reversed. Accordingly, it is premature to consider his Second Assignment of Error, in which he claims that his conviction was against the weight of the evidence. Smith's Second Assignment of Error is overruled at this time, without prejudice.

Smith's First Assignment of Error having been sustained, the judgment of the trial court will be reversed, and the cause will be remanded for a trial by jury.

*Judgment reversed and cause remanded.*

WILSON, J., concurs.

WOLFF, J., concurs separately.

WOLFF, J., concurring. While I am in almost full agreement with the majority opinion, I am a bit more favorably disposed toward Smith. It is conceivable to me, on this record, that Smith was unaware of, and not agreeable to, his trial counsel's oral waiver of the jury. He was represented by the same counsel at trial, which makes his personal failure to then insist upon his right to a jury trial both understandable and excusable. While the trial court, prosecutor, and witnesses have been unnecessarily inconvenienced, I am not convinced that Smith is the villain of the piece.