The STATE of Ohio, Appellee,

v.

RILEY, Appellant.

[Cite as *State v. Riley* (1994), 98 Ohio App.3d 801.]

Court of Appeals of Ohio,
Montgomery County.

No. 14450.

Decided Nov. 23, 1994.

*Carley J. Ingram,* Montgomery County Assistant Prosecuting Attorney, for appellee.

*Steven Herron,* for appellant.

FAIN, Judge.

Defendant-appellant Ervin L. Riley appeals from his conviction and sentence for aggravated trafficking with a prior drug offense, a felony of the second degree. Riley contends that the trial court improperly entered a conviction and sentence for aggravated trafficking with a prior drug offense because there was no evidence upon which the trial court could have found him to have had a conviction for a prior drug offense.

We conclude that there is evidence from which the trial court could have found, and did apparently find, that Riley had a conviction for a prior drug offense, but that the trial court erroneously removed that issue from the jury, without a written waiver signed by the defendant. However, under the peculiar circumstances of this case, in which Riley stipulated to the existence of the prior felony drug abuse offense conviction, we conclude that the error in withdrawing that issue from the jury was harmless, because any jury would necessarily have found for the state on that issue, given Riley's stipulation. Accordingly, the judgment of the trial court is affirmed.

I

Riley was indicted for aggravated trafficking, with a prior drug offense conviction, in violation of R.C. 2925.03(C)(1)(c). With the additional element of a previous felony drug abuse offense conviction, the offense with which Riley was charged is a second-degree felony. Without the prior felony drug abuse conviction, it is a third-degree felony. The difference is material to Riley because had he been convicted of aggravated trafficking as a third-degree felony, he would have been exposed to a definite sentence of either one, one and a half, or two years. Instead, he was convicted of aggravated trafficking as a second-degree offense, and was sentenced to an indefinite term of from five to fifteen years.

Riley was tried to a jury. Riley had filed a motion *in limine* requesting an order prohibiting the state from introducing into evidence or mentioning his criminal record. At the outset of his trial, the trial court discussed the motion, as follows:

"THE COURT: This matter is before the Court captioned 93–CR–3163, State versus Ervin Riley, for the purpose of the Court's ruling on a motion in limine that was previously filed on defendant's behalf by defendant's counsel.

"The record should indicate that we are out of the presence of the jury *venire* which we will commence to interrogate on *voir dire* examination shortly.

"The motion in limine is directed toward the defendant's prior criminal conviction in Case No. 92–CR–80, which was an aggravated trafficking case for which the defendant suffered conviction on April 10, 1992. The motion requests that the court order the state not to mention to the jury in its case in chief this conviction.

"The Court assumes that the defendant is prepared to stipulate to the authenticity of this conviction and existence of it for purposes of the matter of proof in the indictment in return for the court's ruling on this motion.

"MR. STUMP [representing Riley]: That is correct, Your Honor.

"THE COURT: All right. The Court then will request the State to avoid mention of the prior. conviction in the case in chief. Of course, if the defendant takes the stand to testify, this conviction and any others that may exist against the defendant would be admissible on cross."

Riley did not take the stand to testify in his defense and there was but one oblique reference to his criminal record during the trial.

The issue submitted to the jury was whether Riley was guilty of aggravated trafficking in drugs (cocaine). The jury returned a guilty verdict.

The trial court entered a judgment of conviction sentencing Riley to not less than five years nor more than fifteen years imprisonment. Five days after that

entry, the trial court filed another entry, signed only by the trial judge, the entire text of which is as follows:

"It appearing to the court, by stipulation prior to the trial, that the defendant was previously convicted of Aggravated Trafficking, the State was not required to present evidence of same during its case-in-chief."

From his conviction and sentence, Riley appeals.

## II

Riley's sole assignment of error is as follows:

"The trial court erred to the prejudice of defendant by sentencing him on the basis of a second-degree aggravated drug trafficking offense rather than a third-degree aggravated drug trafficking offense."

Essentially, Riley contends that there was insufficient evidence for the jury to have found him guilty of the additional element of having had a prior conviction for felony drug abuse, which is an element of felony trafficking as a second-degree felony.

The state acknowledges that where the degree of a felony is increased as the result of a prior conviction, the state is required to prove, as an element of the offense, the existence of a prior conviction, citing *State v. Allen* (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199, and *State v. Harowski* (Sept. 20, 1991), Montgomery App. No. 12232, unreported, 1991 WL 213894. The state points out, however, that at Riley's request, and to prevent him from being prejudiced in the minds of the jurors by the prior conviction, this element was removed from the jury's consideration.

We agree with the state's characterization. From our review of the record, it is clear that the trial court removed consideration of the prior felony drug abuse conviction element from the jury, at Riley's request, and found him guilty of that element on the basis of his stipulation before trial.

■ In effect, Riley waived his right to a jury trial with respect to the element of the prior felony drug abuse conviction. In the case of a serious offense, the waiver of a right to jury trial must be in writing signed by the defendant. R.C. 2945.05; *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738; *State v. Smith* (1987), 38 Ohio App.3d 149, 528 N.E.2d 591. In the *Smith* case, an attorney for the defendant orally waived, on the record, the defendant's right to a jury trial the day before the scheduled trial, in connection with a request that the trial be continued to a later date. We held that even though the attorney in that case appeared to be acting on the defendant's behalf, and in his interest, in orally waiving the right to a jury trial, the provision in R.C. 2945.05 requiring that the

waiver of a jury trial in a serious offense case must be in writing signed by the defendant is mandatory. Accordingly, we reversed the conviction in that case and remanded the cause for a new trial.

■ We conclude that in the case before us, the trial court erred by removing from the jury's consideration the element of the prior conviction for a felony drug abuse offense, without a waiver signed by the defendant. However, we conclude that that error was harmless under the exceptional circumstances of this case.

Riley's counsel did have the authority to enter into stipulations of fact on his behalf. Exercising that authority, Riley's counsel stipulated, on the record, the existence of the prior conviction. In the face of that stipulation, the jury, had it been required to consider the additional element of the existence of a prior conviction for a felony drug abuse offense, would certainly have found for the state on that issue. Again, it is emphasized that the jury did not consider that additional element, the existence of which was a stipulated fact, at Riley's request, and for his protection in preventing the jury from possibly being prejudiced by the prior conviction.

■ Furthermore, we are not unmindful of the fact that the error we have found is not the error assigned. The error we have found is an error in withdrawing a particular issue from consideration of the jury. The error assigned is in sentencing Riley on a second-degree felony when the evidence presented to the jury would support only a third-degree felony. The evidence submitted to the trial court, out of the jury's presence, in the form of Riley's stipulation, supplied the additional element required to transmute the offense to a second-degree felony.

Riley's sole assignment of error is overruled.

### III

Riley's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

FREDERICK N. YOUNG, J., concurs.

WOLFF, J., concurs separately.

WOLFF, Judge, concurring separately.

Although I concur in the judgment rendered by this court, I am not convinced that the trial court's withdrawal of the prior conviction element from the jury's consideration was even harmless error.

R.C. 2945.05 and Crim.R. 23(A) speak to waiver of trial by jury. Except as to one element, Riley had a trial by jury. The single element kept from the jury was kept from the jury at Riley's request. In *Tate* and *Smith*, there were no jury trials as to any elements.

I would not interpret either the statute or the rule to require a written waiver of trial by jury as to a single element upon which a *defendant* wishes to prevent the state from offering proof in the presence of the jury, when the defendant stands upon his or her right to trial by jury on all other elements that the state must prove, and where—as here—the record reflects a stipulation, at the defendant's request, of the element the defendant wishes to keep from the jury.

I realize that requiring a defendant to sign a written waiver of trial by jury on a single element, or to sign the court reporter's stenographic notes of the waiver, would not impose an unreasonable additional burden on trial courts. However, I cannot conceive of how a defendant could be prejudiced on a state of facts such as is presented here, as the majority indeed recognizes. Thus, I find it unnecessary to impose a written waiver requirement, even though the requirement would not be onerous.