The STATE of Ohio, Appellee,

v.

ADAMS, Appellant.

[Cite as *State v. Adams* (1995), 106 Ohio App.3d 139.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APA01–61.

Decided Aug. 29, 1995.

140

*Michael Miller,* Franklin County Prosecuting Attorney, and *Katherine Press,* Assistant Prosecuting Attorney, for appellee.

*Turner & Wright* and *Carol A. Wright,* for appellant.

PETREE, Judge.

Defendant, Darren Adams, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of aggravated trafficking in violation of R.C. 2925.03. Defendant sets forth the following assignments of error:

"ASSIGNMENT OF ERROR NO. 1:

"(A) The trial court erred to the appellant's prejudice and abused its discretion in failing to permit the proffered stipulation regarding the prior conviction as such evidence was more prejudicial than probative, and accordingly, appellant was denied his right to a fair trial under both the federal and state Constitutions.

"(B) In the alternative, the trial court erred and abused its discretion in prohibiting certain cross-examination designed to establish a prejudicial (or biased) reason for certain testimony offered by the state. This prohibition acted to deny appellant the right to a fair trial as guaranteed by the federal and state Constitutions.

"ASSIGNMENT OF ERROR NO. 2:

"The trial court erred to the prejudice of the appellant in admitting two exhibits offered by the state which were never identified. The state offered no foundation for the admission of these exhibits. Additionally, neither exhibit falls within the scope of self-authenticating documents. The admission of these exhibits violated the rules of evidence and prejudiced appellant's right to a fair trial as guaranteed by the state and federal Constitutions.

"ASSIGNMENT OF ERROR NO. 3:

"Defense counsel's actions and omissions at Mr. Adams' trial deprived him of effective assistance of counsel as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 9, 10 and 16 of the Ohio Constitution."

On June 25, 1994, defendant was arrested on charges of aggravated drug trafficking after selling crack cocaine to an undercover police officer. Following a jury trial, defendant was convicted of one count of aggravated drug trafficking and sentenced accordingly. Defendant appeals to this court from his conviction.

In defendant's first assignment of error, defendant contends that the trial court erred by refusing to allow him to stipulate the fact of a prior conviction without having the stipulation read to the jury. Defendant argues that he offered the stipulation for sentencing purposes only, and that the jury was not required to hear the stipulation. We disagree.

Defendant's prior conviction of attempted aggravated trafficking elevated the degree of the offense to a felony of the second degree pursuant to R.C. 2925.03(C)(1), which states that aggravated trafficking is a felony of the second degree if the offender has been previously convicted of a felony drug abuse offense. When a previous conviction is an element of the offense, the state must prove the fact of the prior offense beyond a reasonable doubt. *State v. Ireson* (1991), 72 Ohio App.3d 235, 237, 594 N.E.2d 165, 166; *State v. Malone* (Dec. 19,

1989), Franklin App. No. 89AP–504, unreported, 1989 WL 153567. It is well settled that a prior conviction which elevates the *degree* of a subsequent offense is an essential element of the subsequent offense and may not be bifurcated from the remainder of the elements of the subsequent offense. *State v. Allen* (1987), 29 Ohio St.3d 53, 54, 29 OBR 436, 437, 506 N.E.2d 199, 201; *Ireson, supra.* Absent a waiver by the defendant, it is error for the trial court to conceal evidence of prior convictions from the jury when the prior convictions are elements of the subsequent offense. *Malone, supra; State v. Riley* (1994), 98 Ohio App.3d 801, 649 N.E.2d 914. Given the foregoing law, it is clear that the trial court did not err when it ruled that any stipulation regarding the prior offense must be read to the jury.

Nevertheless, defendant points to case law holding that a prior conviction which enhances the *penalty* for a subsequent offense without elevating the degree thereof is *not* an essential element of the subsequent offense and need not be presented to the jury. *Allen, supra.* Defendant argues that there is no rational basis for treating prior convictions which enhance the penalty differently from prior convictions which elevate the degree of the offense. Citing the dissenting opinion *Ireson, supra,* defendant argues that, regardless of whether the existence of a prior conviction enhances the penalty or elevates the degree of the offense, the prejudice arising from the submission of such evidence to the jury is just as devastating to the accused. Defendant urges this court to abandon the distinction as a matter of public policy.

■ Evidence of a prior conviction which simply enhances the penalty is not relevant to the accused's guilt or innocence and, unless admissible for some other purpose, is properly excluded at the guilt phase of the trial. On the other hand, evidence of a prior conviction which elevates the degree of the offense is relevant when offered to prove a specific element of the offense and is admissible at the guilt stage of the proceedings, even though the evidence may also be probative of defendant's propensity for committing drug offenses. Consequently, the prejudice to defendant arises directly from the definition of the offense set forth in the Ohio Revised Code. This court is not empowered to ignore the clear and unambiguous provisions of the Ohio Revised Code or the Ohio Rules of Evidence. Defendant must look to the legislature for relief from this perceived inconsistency in the law.

■ Defendant further claims that the court erred by prohibiting certain cross-examination designed to establish witness bias. A trial court has discretion over the scope of cross-examination and " '[s]uch exercise of discretion will not be disturbed in the absence of a clear showing of an abuse of discretion.' " *State v. Slagle* (1992), 65 Ohio St.3d 597, 605, 605 N.E.2d 916, 925–926. Our review of the transcript reveals that the trial court sustained objections to inquiries made of

two prosecution witnesses regarding their motivation for testifying. Although defendant now argues that this inquiry was designed to elicit evidence of bias toward defendant, this argument was not advanced by trial counsel, and no facts were proffered to support this claim.

Defendant's first assignment of error is overruled.

In defendant's second assignment of error, defendant contends that the trial court erred by admitting state's exhibit No. 4 for two reasons: (1) there was no testimony establishing an evidentiary foundation for the exhibit; and (2) the exhibit contains inadmissible hearsay. No objection to this exhibit was made at trial.

██ Objections concerning the admissibility of evidence are waived and may not be raised on appeal if not made at the time of trial unless plain error has occurred. See Crim.R. 52. See, also, *Schwartz v. Wells* (1982), 5 Ohio App.3d 1, 11, 5 OBR 1, 12, 449 N.E.2d 9, 10. In determining whether plain error occurred in the trial court, the appellate court must examine the error asserted by the appellant in light of all the evidence properly admitted at trial to determine whether the error affected the outcome of the trial. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804; *Slagle, supra.*

██ State's exhibit No. 4 is a three-page document which purportedly reflects the results of a chemical analysis performed on the substance purchased from defendant by an undercover officer. The report identifies the substance as "2 rocks of crack cocaine." We agree that there was no testimony establishing an evidentiary foundation for the admission of this exhibit and that the exhibit contains hearsay. However, upon review of the entire record, we cannot say that the erroneous admission of the exhibit unfairly prejudiced defendant in light of the testimony of police criminalist Timothy Sansbury, who opined that the substance taken during the arrest was, in fact, crack cocaine.

Defendant's second assignment of error is overruled.

██ Defendant's third assignment of error alleges that defendant was deprived of effective assistance of counsel due to counsel's failure to object to the admission of state's exhibit No. 4. In order to prevail on a claim of ineffective assistance of trial counsel, the defendant must show that counsel's performance was deficient " * * * [and] that the deficient performance prejudiced the defense." *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. Furthermore, counsel's performance must have been so deficient as to affect the outcome of the case. *Malone, supra.* Defendant bears the burden of proving that, "given the totality of the evidence, that but for the counsel's error, the jury's verdict would reasonably likely have been different." *State v. Blevins* (1987), 36 Ohio App.3d 147, 152, 521 N.E.2d 1105, 1111.

Having determined that the erroneous admission of state's exhibit No. 4 did not prejudice defendant, the failure to object to the admission of this evidence did not constitute ineffective assistance of counsel. *State v. Dozanti* (1994), 71 Ohio St.3d 177, 642 N.E.2d 1089.

Defendant's third assignment of error is overruled.

Having overruled all three of defendant's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and HOLMES, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, sitting by assignment.