Defendant-appellant, George Russell, appeals from his felony conviction for domestic violence in the Butler County Court of Common Pleas. We affirm.
On October 17, 1997, appellant was charged with domestic violence in violation of R.C. 2919.25(A) and unlawful restraint in violation of R.C. 2905.03(A). The indictment alleged that appellant committed the domestic violence offense on July 21, 1997 through July 23, 1997, and that the victim of the offense was Joyce Lafayette. The indictment further alleged that the offense was a fifth degree felony because appellant had previously been convicted on July 2, 1997 of domestic violence against Lafayette.
On November 21, 1997, appellant filed an "offer to stipulate and motion in limine." Appellant offered to stipulate to his prior conviction and moved to exclude from the jury "any and all evidence" of his prior conviction. Appellant argued that evidence of the prior conviction should be excluded under Evid.R. 403(A)[1] because it was evidence of his bad character that was unfairly prejudicial.
On November 26, 1997, the trial court issued a decision finding that appellant's offense was a fifth degree felony only if the jury found that appellant had a prior conviction for domestic violence or another crime specifically set forth in R.C.2919.25(D).[2] Therefore, the trial court rejected appellant's stipulation and denied appellant's motion to exclude "any and all evidence" of his conviction from the jury.
A jury trial was commenced on December 10, 1997. At the beginning of the trial, the trial court reviewed the allegations against appellant with the jury, including the allegation that appellant had previously been convicted of domestic violence on July 2, 1997. During the trial, the prosecutor was allowed to question a police detective, over defense counsel's objections, about a statement made by appellant concerning his prior conviction for domestic violence. The police detective testified that Lafayette was the victim of appellant's prior offense and that the offense occurred in June 1997. At the close of the evidence, the trial court instructed the jury that in order to find appellant guilty, the jury must find beyond a reasonable doubt that appellant had previously been convicted of domestic violence on July 2, 1997. The jury subsequently returned a verdict finding appellant guilty of felony domestic violence and not guilty of unlawful restraint.
On appeal, appellant assigns a single assignment of error:
 THE TRIAL COURT ERRED IN PERMITTING THE NAME AND NATURE OF APPELLANT'S PRIOR DOMESTIC VIOLENCE CONVICTION INTO EVIDENCE.
In his assignment of error, appellant asserts that the trial court erred by admitting evidence concerning the name and nature of his prior conviction for domestic violence. Appellant argues that in light of his proposed stipulation, the probative value of evidence concerning the name and nature of his prior conviction was substantially outweighed by the danger of unfair prejudice. Evid.R. 403(A).
A trial court has broad discretion when weighing the probative value of evidence against the danger of unfair prejudice pursuant to Evid.R. 403(A). State v. Allen (1995), 73 Ohio St.3d 626, 633. Thus, a reviewing court will not reverse a trial court's decision to admit or exclude evidence under Evid.R. 403(A) absent an abuse of discretion. Id. An abuse of discretion implies that the trial court's determination was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
A violation of R.C. 2919.25(A) is generally a first degree misdemeanor. R.C. 2919.25(D). However, if a defendant has previously been convicted of domestic violence, R.C. 2919.25(D) provides that a violation of R.C. 2919.25(A) is a fifth degree felony. Since a prior conviction for domestic violence raises the degree of a subsequent offense, the prior conviction is an essential element of the subsequent offense. See State v. Allen (1987), 29 Ohio St.3d 53, 54; State v. Day (1994), 99 Ohio App.3d 514,517. Thus, the prosecution must prove the prior conviction for domestic violence beyond a reasonable doubt. Day at 517, citing State v. Henderson (1979), 58 Ohio St.2d 171, 173. Accordingly, Ohio courts have found that the prosecution is not required to accept a defendant's stipulation to a prior conviction. State v. Plas (Aug. 23, 1995), Lorain App. No. 95CA006046, unreported, citing State v. Smith (1990), 68 Ohio App.3d 692,695.
Despite the foregoing, appellant argues that a recent decision by the United States Supreme Court in Old Chief v. U.S. (1997), U.S., 117 S.Ct. 644, required the trial court to accept his stipulation and exclude evidence concerning the name and nature of his prior conviction. In Old Chief, the defendant was charged with violating a federal statute which prohibited possession of a firearm by anyone who had a prior felony conviction. Id. at 647. The defendant offered to stipulate that he had a prior felony conviction and moved that the prosecution be prohibited from revealing the name and the nature of his prior conviction to the jury. Id. at 648. The defendant argued that his offer to stipulate rendered evidence regarding the name and nature of his prior conviction inadmissible under Fed.R.Evid. 403,[3] because the danger of unfair prejudice from the evidence substantially outweighed its probative value. Id. The trial court rejected the defendant's stipulation and allowed the prosecution to introduce a judgment entry which disclosed the name, assault causing bodily injury, and the nature of the defendant's prior conviction. Id.
In a sharply divided 5-4 decision, a majority of the United States Supreme Court found that the trial judge abused his discretion by rejecting the stipulation and admitting the judgment entry of the defendant's prior conviction. Id. at 647. The majority found that in light of the proposed stipulation, the minimal probative value of the judgment entry was substantially outweighed by the danger of unfair prejudice. Id. at 655. Therefore, the majority concluded that the judgment entry should have been excluded pursuant to Fed.R.Evid. 403. Id. See, also, State v. Henton (1997), 121 Ohio App.3d 501.
Appellant asserts that based upon the holding in Old Chief, the trial court erred by allowing the introduction of evidence concerning the name and nature of his prior conviction for domestic violence. Initially, we note that since Old Chief only construed federal law and the Federal Rules of Evidence, the holding in Old Chief is not controlling authority for the construction of Ohio law and the Ohio Rules of Evidence. In addition, even if the Supreme Court's decision was controlling, we do not believe that the holding in Old Chief compelled the exclusion of the evidence concerning the name and nature of appellant's prior conviction for domestic violence.
In Old Chief, the majority found that while evidence concerning the name and nature of appellant's prior conviction carried a risk of unfair prejudice in the form of "bad character reasoning," such evidence had minimal probative value. Id. at 652, 655. The majority reasoned:
 The issue is not whether concrete details of the prior crime should come to the jurors' attention but whether the name or general character of that crime is to be disclosed. Congress, however, has made it plain that distinctions among generic felonies do not count for this purpose; the fact of the qualifying conviction is alone what matters under the statute. "A defendant falls within the category simply by virtue of past conviction for any [qualifying] crime ranging from possession of short lobsters, [citation omitted], to the most aggravated murder." [Citation omitted]. The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun * * *.
Id.
The majority also found that the defendant's stipulation provided the trial court with an evidentiary alternative that "would, in fact, have been not merely relevant but seemingly conclusive evidence of the [prior conviction] element." Id. at 653. Accordingly, the majority concluded:
 Given these peculiarities of the element of felony-convict status and of admissions and the like when used to prove it, there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence. For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other.
Id. at 655.
In the present case, we find that evidence concerning the name and nature of appellant's prior conviction had substantial probative value. Pursuant to R.C. 2919.25(D), the prosecution was required to prove beyond a reasonable doubt that appellant had a prior conviction for domestic violence or one of the other specific crimes set forth therein. Thus, unlike the federal statute in Old Chief, evidence concerning the name and nature of appellant's prior conviction was necessary in order for the jury to find appellant guilty of the offense.
Appellant also failed to provide the trial court with an evidentiary alternative that had the same probative value as the evidence presented by the prosecution. Appellant sought to exclude "any and all evidence" of his prior conviction from the jury and his stipulation did not include the name of the offense. Thus, appellant's stipulation would not have been sufficient to support a finding that appellant had a prior conviction for domestic violence or another crime specified in R.C. 2919.25(D). Therefore, unlike Old Chief, the trial court was not presented with an evidentiary alternative that would have satisfied the prior conviction element.
The evidence of appellant's prior conviction created a risk that the jury would find him guilty of the underlying offense because of his bad acts in the past. See Old Chief at 650; State v. Allen (1987), 29 Ohio St.3d 53, 55. However, this danger of unfair prejudice directly results from the definition of the offense set forth in R.C. 2919.25(D). See State v. Adams (1995),106 Ohio App.3d 139, 143. Moreover, while the trial court admitted evidence that appellant had previously been convicted of domestic violence against Lafayette on July 2, 1997, the trial court would not allow evidence concerning the details of the prior offense. Thus, the trial court attempted to limit the scope of the evidence concerning appellant's prior conviction in order to minimize the danger of unfair prejudice.
Based upon the foregoing, we conclude that the trial court did not act unreasonably, arbitrarily or unconscionably by finding that the probative value of evidence concerning the name and nature of appellant's prior conviction was not substantially outweighed by the danger of unfair prejudice. Accordingly, the trial court did not err by admitting evidence of the name and nature of appellant's prior conviction.
Appellant also argues that the trial court's instructions to the jury concerning his prior conviction were improper. On December 10, 1997, appellant submitted a proposed jury instruction which stated that appellant had stipulated "to having been previously convicted of one of the class of crimes which makes domestic violence a felony offense." The proposed jury instruction further stated that due to the stipulation, the jury would not need to separately determine whether appellant had a previous conviction if they found he was guilty of the underlying offense. The trial court rejected appellant's proposed instruction, and instead, instructed the jury that in order to find appellant guilty, they must find beyond a reasonable doubt that appellant had previously been convicted of domestic violence on July 2, 1997.
As discussed in connection with appellant's stipulation, appellant's proposed jury instruction was inadequate because it failed to specify the name and nature of the offense for which he had previously been convicted as required by R.C. 2919.25(D). Further, the trial court's instruction was a proper statement of the law for the prior conviction element. Accordingly, we find that this argument also lacks merit.
Finally, appellant argues that the trial court erred by finding that a motion to suppress, rather than a motion in limine, was required to exclude portions of the statement that appellant made to the police about his prior conviction. The portions of the statement that appellant claims should have been excluded identified the date of appellant's prior offense and the victim of the offense. However, we have previously found that the trial court did not abuse its discretion by admitting this evidence. Therefore, even assuming that the trial court erred as argued by appellant, the error was harmless and not prejudicial to appellant. See State v. Smith (Oct. 20, 1997), Butler App. No. CA96-09-186, unreported.
In sum, we find that the trial court did not err by admitting evidence and instructing the jury as to appellant's prior conviction for domestic violence. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Evid.R. 403 provides:
 (A) Exclusion Mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury.
[2] At the time of appellant's offense, R.C. 2919.25(D) provided:
 Whoever violates this section is guilty of domestic violence. * * * A violation of division (A) or (B) of this section is a misdemeanor of the first degree. If the offender previously has been convicted of domestic violence or a violation of section 2903.11, 2903.12, 2903.13, 2903.211 [2903.21.1], or 2911.211 [2911.21.1] of the Revised Code involving a person who was a family or household member at the time of the violation, a violation of division (A) or (B) of this section is a felony of the fifth degree * * *.
[3] Fed.R.Evid. 403 provides:
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.