OPINION
This timely appeal arises from Appellant's conviction in the Belmont County Court of Common Pleas on one count of driving under the influence ("DUI"). Because Appellant had been previously convicted of DUI three times, the crime was elevated from a first degree misdemeanor to a fourth degree felony pursuant to R.C. § 4911.99(A)(4)(a). Appellant argues that he agreed at trial to stipulate to the three prior convictions. Appellant contends that the trial court abused its discretion in permitting the prosecution to comment on the prior convictions at trial and by allowing the certified records of those convictions to be admitted into evidence in spite of the prior stipulation. The record reveals that Appellee did not agree to stipulate to the prior convictions and that the trial court committed no error in allowing the prosecutor to present evidence of the prior convictions.
Appellant was arrested for DUI on December 13, 1999, in Bridgeport, Ohio. He was originally stopped because a patrolman from the Bridgeport Police Department noticed a large branch sticking out of the bumper of Appellant's car which created a hazard for other drivers. The patrolman smelled alcohol on Appellant's breath and he proceeded to administer field sobriety tests. Appellant failed the tests and later refused to take a breathalyzer test.
On March 4, 1999, Appellant was indicted by the Belmont County Grand Jury on one count of DUI in violation of R.C. § 4511.19(A)(1). The indictment contained a specification that Appellant had been convicted of DUI three times within the past six years.
A jury trial was held on June 3, 1999, in the Belmont County Court of Common Pleas. During the pretrial hearing on pending motions in limine,
Appellant stipulated to the three prior DUI convictions in an attempt to avoid presenting evidence of the prior convictions to the jury. (Tr. p. 3). Appellee did not agree to so stipulate. Appellee later mentioned the three prior DUI convictions in its opening statement. (Tr. p. 24). At the conclusion of Appellant's case, Appellee asked for the court to admit into evidence the certified copies of the records of Appellant's three prior DUI convictions. (Tr. p. 78). Appellant objected on the basis that he had already stipulated to the convictions, making it unnecessary to admit the conviction records. (Tr. p. 79). Appellee reiterated that he had not agreed to the stipulation, and the court admitted the records into evidence over Appellant's objection. (Tr. pp. 79-80).
Appellant then objected to the jury instructions pertaining to the three prior DUI convictions. (Tr. p. 81). Appellant argued that his prior stipulation removed the need for the jury to be instructed on the felony specification which was based on the three prior convictions. The trial court agreed to change the jury instructions to reflect that both Appellant and Appellee agreed to stipulate that the specification contained in the indictment was true. (Tr. p. 82). Appellee did not object to changes in the jury instructions proposed by the trial court, and thereby effectively accepted Appellant's stipulation.
During closing arguments Appellee mentioned the three prior convictions and referred to the records of those convictions which had been admitted into evidence. (Tr. pp. 86-87).
The jury found Appellant guilty of one count of DUI and of the felony specification. On June 8, 1999, the court sentenced Appellant to twelve months in the Belmont County Jail, imposed a lifetime suspension of his license and fined him $750.00 plus court costs. Appellant filed this timely appeal on June 30, 1999.
Appellant's sole assignment of error states:
 THE COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE, AFTER STIPULATION AND ADMISSION OF A PRIOR-OFFENSES SPECIFICATION, IN ALLOWING ADMISSION OF PRIOR CONVICTION DOCUMENTS, IN ADVISING THE JURY THE PRIOR OFFENSES MADE THE CASE AT HAND A FELONY AND ALLOWING EXTENSIVE PROSECUTORIAL COMMENT AND ARGUMENT ON THE FELONY LEVEL OF THE CHARGE."
Appellant acknowledges that when a criminal defendant's prior convictions enhance the degree of an offense, rather than merely increase the possible penalty, such prior convictions are essential elements of the crime and must be proven by the state as part of its case in chief.State v. Allen (1987), 29 Ohio St.3d 53, 55. Appellant argues that Appellee did not have the burden to prove the enhancement element of felony DUI after he stipulated to the three prior convictions. Appellant contends that the trial court impermissibly allowed the prosecutor to comment on the prior convictions in violation of Evid.R. 404(B), which states:
"(B) Other crimes, wrongs or acts
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
Appellant argues that evidence of prior bad acts, including prior convictions, incites a jury to convict on the basis of past behavior rather than the specific facts of the case. Appellant concludes that it was reversible error for the prosecutor to mention the prior convictions and for the conviction records to be admitted into evidence after Appellant's stipulation to the felony specification. Appellant's assignment of error is not well-taken.
The admission and exclusion of evidence are within the broad discretion of the trial court. State v. Mays (1996), 108 Ohio App.3d 598, 617. "A reviewing court should be slow to interfere unless the court has clearly abused its discretion and a party has been materially prejudiced thereby." Id. An abuse of discretion is more than a mere error of law or of judgment; it implies an attitude that is unreasonable, unconscionable or arbitrary. State v. Adams (1980), 62 Ohio St.2d 151, 156.
Appellant's allegations of prosecutorial misconduct in mentioning the prior convictions are reviewed under due process principles. "The appropriate standard of review therefore is to determine * * * whether the prosecutor's misconduct may have been so egregious so as to deny [the defendant] the fundamental right to a fair trial." State v. Staten
(1984), 14 Ohio App.3d 78, 85.
Appellant was charged with violating R.C. § 4511.19(A)(1), DUI, which is typically a misdemeanor of the first degree. R.C. §4511.99(A)(4)(a) provides that an offender who has been convicted of or pleaded guilty to three or more violations of sections (A) or (B) of R.C. § 4511.19, within six years of the offense, is guilty of a felony of the fourth degree.
Where a prior conviction enhances only the penalty of an offense, it is not an essential element of the subsequent offense and is strictly a sentencing consideration for the court. Allen, supra,29 Ohio St.3d at 55. However, a prior conviction which elevates the degree of a subsequent offense is an essential element of the offense and may not be bifurcated from the remainder of the elements of the subsequent offense. State v.Ireson (1991), 72 Ohio App.3d 235, 239, citing Allen, supra, at 54; see also State v. Flasck (Dec. 29, 2000), Trumbull App. No. 99-T-0173, unreported.
Appellant's prior convictions elevated the degree of his offense and did not merely enhance the penalty. Therefore, the prior convictions were necessary elements of the crime, and the prosecution was required to present proof of those convictions to the jury in order to establish beyond a reasonable doubt that Appellant had committed felony DUI. Appellant's stipulation to the prior convictions did not change Appellee's burden of proof or the role of the jury in this case.
Appellant was attempting to bifurcate the elements of his crime so that the jury would not hear about the prior convictions. Nearly every appellate district in Ohio has held that an accused has no right to a bifurcated proceeding absent an enactment by the General Assembly of a statute conferring such right. State v. Flasck, supra, at *9 (Eleventh Appellate District); State v. Ireson, supra, at 240 (Fourth Appellate District); State v. Nievas (1997), 121 Ohio App.3d 451, 455 (Eighth Appellate District); State v. Adams (1995), 106 Ohio App.3d 139, 143
(Tenth Appellate District). This means that Appellant could not have accomplished his goal of preventing the jury from hearing evidence of the prior convictions absent a full waiver of jury trial.
We agree that Appellant was prejudiced by the prosecutor's references to his prior convictions, but such prejudice arises directly from the criminal statute which makes the prior convictions an element of the subsequent crime. In other words, it is the legislature that has determined that certain prior convictions are essential elements of the crime of felony DUI in spite of: (1) the obvious prejudicial effect those convictions will have on the jury; and (2) the danger that the jury will convict the defendant because of past misconduct rather than current criminal behavior. "This court is not empowered to ignore the clear and unambiguous provisions of the Ohio Revised Code or the Ohio Rules of Evidence. Defendant must look to the legislature for relief from this perceived inconsistency in the law." State v. Adams, supra,106 Ohio App.3d at 144.
Appellant's argument is also unpersuasive because Appellee did not accept Appellant's stipulation to the prior convictions until the trial court incorporated the stipulation into the jury instructions. In general, a prosecutor is free to accept or reject any stipulations offered by the defendant. State v. Smith (1990), 68 Ohio App.3d 692,695. The prosecutor is also permitted to prove a prior conviction by presenting a certified copy of the judgment of conviction along with evidence which identifies the defendant as the offender. R.C. §2945.75. Because the name and nature of the prior DUI convictions were essential elements of the crime for which Appellant was subsequently being prosecuted, the prosecutor was free to mention the name and nature of the prior crimes to the jury and to prove them with certified records.
After the prosecution had agreed to the stipulation, there was no reason to refer to any evidence other than the stipulation itself as proof of the prior crimes. One of the purposes of a stipulation is to reduce the prejudicial effect of certain facts when they are revealed to the jury. In re Jason H. (Jan 14, 2000), Erie App. No. E-99-003, E-99-04, unreported. Although the prosecutor was not required to accept Appellant's stipulation, once he did accept it he was thereby bound by it and should not have referred to the certified judgment entry exhibits during his closing arguments. In spite of the error, it is difficult to understand how Appellant could have been prejudiced by it in light of the fact that the certified records had already been admitted into evidence. Such harmless error is to be disregarded and cannot be the basis for reversing a decision of a lower court. Crim.R. 52.
In conclusion, we find no error in the trial court allowing the prosecutor to mention Appellant's three prior convictions in his opening remarks and to prove those convictions by presenting certified records of the convictions. The prosecutor had not initially agreed to stipulate to the convictions, was required to establish proof of the convictions as essential elements of Appellant's offense and was free to prove them in any reasonable manner. After the prosecutor accepted Appellant's stipulation, though, he should have refrained from introducing or referring to any other evidence other than the stipulation itself in order to prove the stipulated facts. Nevertheless, any error made by the prosecutor was harmless because the certified records of the prior convictions had already been admitted into evidence. Therefore, we find Appellant's assignment of error to be without merit. We affirm the judgment of the trial court in full.