DECISION
{¶ 1} Defendant-appellant, Ahmed Baghdady, appeals from a judgment of the Franklin County Municipal Court that found him guilty of child endangering in violation of R.C. 2919.22(A). Because the trial court improperly conducted a bench trial in the absence of a written waiver of defendant's right to a jury trial, we reverse.
 {¶ 2} By complaint filed June 25, 2004, defendant was charged with throwing a rock at a van that held his three children, ages three and one-half years, 22 months, and six weeks, and "spraying glass all over the three children." Defendant entered a not guilty plea, demanded a jury trial, and refused to waive his speedy trial rights. The record reflects that, after a number of continuances, an entry was journalized stating, "JURY WAIVED. R/A FOR CT TO 12/3/04 @ 1:30."
 {¶ 3} On the scheduled date, the trial court noted that "through his counsel" defendant "waived his right to have a trial by jury." (Tr. 3.) A bench trial was held, and at the conclusion of the trial the court found defendant guilty of the charged offense. The court journalized its decision with a sentencing entry filed December 6, 2004.
 {¶ 4} On December 17, 2004, defendant filed a motion for new trial. After the parties fully briefed the motion, the trial court overruled the motion on January 13, 2005, concluding defendant had not set forth any irregularity in the proceedings that would warrant a new trial. Defendant filed a motion for reconsideration, but he also filed a timely notice of appeal. On appeal, defendant assigns the following errors:
 First Assignment of Error
The trial court lacked jurisdiction to try and convict the appellant without a jury where the record does not include a written waiver of the appellant's right to a trial by jury.
 Second Assignment of Error
The trial court erred by overruling Defendant's motion for a new trial.
 {¶ 5} Defendant's first assignment of error is dispositive. In it, he contends the trial court lacked jurisdiction to try and convict him in the absence in the record of a written waiver of defendant's right to a jury trial. As defendant accurately notes, both Section 10, Article I, Ohio Constitution and R.C. 2945.17 provide defendant with a right to be tried by a jury. While the right to a jury trial may be waived, R.C.2945.05 provides that "[s]uch waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." See, also, Crim.R. 23(A).
 {¶ 6} "[I]t must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury."State v. Tate (1979), 59 Ohio St.2d 50, syllabus (concluding the trial court lacked jurisdiction to try a defendant's petty offense of criminal damaging in the absence of a written waiver in the record provided in the manner specified in R.C. 2945.05); See State v. Smith (1987),38 Ohio App.3d 149 (holding that, absent a written waiver of the right to a jury trial appearing in the record, the judgment finding a defendant guilty of misdemeanor assault must be reversed). Strict compliance with the procedure set forth in R.C. 2945.05 is required. State v. Harris
(1991), 73 Ohio App.3d 57, 63 (concluding notation in the record that a defendant's signed waiver subsequently was lost or misplaced did not comply with R.C. 2945.05).
 {¶ 7} Here, the record contains only two indicia that defendant waived his right to a jury trial: only the trial court's remarks at the beginning of the bench trial and an entry the trial judge signed, indicating defendant waived his right to a jury trial. Because the record fails to include a written waiver that defendant signed, relinquishing his right to a jury trial, the trial court, as the state properly concedes, lacked jurisdiction to try defendant without a jury. Defendant's first assignment of error is sustained, rendering moot his second assignment of error.
 {¶ 8} Having sustained defendant's first assignment of error, rendering moot his second assignment of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this decision.
Judgment reversed and case remanded.
Klatt and Sadler, JJ., concur.