Kennedy, J.,
concurring in part and dissenting in part.
{¶ 20} I agree that App.R. 26(A)(2)(a) requires an initial determination as to whether an intradistrict conflict exist. However, I believe that the rule requires that the en banc court, not just a panel of judges, make that initial determination. Therefore, I respectfully concur in part and dissent in part.
{¶ 21} App.R. 26(A)(2)(a) provides:
Upon a determination that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceeding be considered en banc. The en banc court shall consist of all full-time judges of the appellate district who have not recused themselves or otherwise been disqualified from the case.
(Emphasis added.)
{¶ 22} App.R. 26(A)(2)(a) is not a model of clarity with regard to who makes the determination whether an intradistrict conflict exists. However, when App.R. 26 is construed as a whole, it is more reasonable to interpret App.R. 26(A)(2)(a) as indicating that the en banc court makes the determination whether an intradistrict conflict exists. See generally State v. Everette, 129 Ohio St.3d 317, *140 2011-Ohio-2856, 951 N.E.2d 1018, ¶ 26 (court construed App.R. 9(A) by examining it “as a whole”).
{¶ 23} App.R. 26(A)(1) addresses applications for reconsideration of “any cause or motion submitted on appeal.” An application for reconsideration is considered “by the panel that issued the original decision.” (Emphasis added.) App.R. 26(A)(1)(c).
{¶ 24} In contrast, App.R. 26(A)(2) addresses “en banc consideration.” “The en banc court shall consist of all full-time judges of the appellate district who have not recused themselves or otherwise been disqualified from the case.” App.R. 26(A)(2)(a). The word “panel” never appears in App.R. 26(A)(2)(a). The only subject in the first sentence of App.R. 26(A)(2)(a) is “majority of the en banc court.” Therefore, I believe that the more logical and reasonable interpretation of App.R. 26(A)(2)(a) is that the en banc court makes the initial determination whether an intradistrict conflict exists.
{¶ 25} This interpretation is consistent with the purpose of the en banc consideration. This court has recognized that the primary purpose of en banc review is to allow a court of appeals to use a “ ‘ “majority of its judges * * * to control and thereby * * * secure uniformity and continuity in its decisions [and to use] * * * panels of three judges [to] hear and decide the vast majority of cases as to which no division exists within the court.” ’ ” McFadden v. Cleveland State Univ., 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 16, quoting United States v. Americanr-Foreign Steamship Corp., 363 U.S. 685, 689-690, 80 S.Ct. 1336, 4 L.Ed.2d 1491 (1960), quoting Maris, Hearing and Rehearing Cases in Banc, 14 F.R.D. 91, 96 (1954). Panel-only review deprives the en banc court of the opportunity to exercise this institution-wide control.
{¶ 26} The majority states, “Panel consideration does not * * * deprive the en banc court of its ultimate authority to grant en banc review. It simply allows the panel to perform the preliminary layer of review.” Majority opinion at ¶ 14.
{¶ 27} Aside from an en banc court’s sua sponte ordering consideration of an intradistriet conflict, a party’s application for en banc consideration is the only method by which a potential intradistrict conflict may reach a court of appeals. App.R. 26(A)(2)(b). Allowing panel-only review of these applications may permit a legitimate intradistrict conflict to escape consideration. Just as different panels of judges may reach different results in addressing the same issue, thereby creating an intradistrict conflict, it is entirely possible that one panel would identify an intradistrict conflict between two cases, while another panel would not. Sometimes determining whether a conflict exists is a difficult question to answer, and reasonable minds occasionally may differ on the answer. See, e.g., Blair v. Sugarcreek Twp. Bd. of Trustees, 129 Ohio St.3d 1447, 2011-Ohio-4217, 951 N.E.2d 1045 (three justices dissented from the court’s determination that a *141 conflict between appellate districts existed); see also State v. Baker, 126 Ohio St.3d 1215, 2010-Ohio-3235, 931 N.E.2d 122 (three justices dissented from the court’s sua sponte dismissal of the cause for “want of conflict”). While these cases may be more the exception than the rule, they nevertheless prove that deciding whether a conflict exists is not necessarily a cut-and-dried determination. Having the en banc court examine all alleged conflicts would decrease the chance that an intradistrict conflict would escape review.
{¶ 28} Permitting panel-only determinations as to whether intradistrict conflicts exist is not only an unreasonable interpretation of the language in App.R. 26(A)(2)(a), but also undermines the purpose of en banc consideration. Therefore, I would answer the certified question, as modified by the majority opinion, in the negative and hold that App.R. 26(A)(2)(a) requires the en banc court to make the initial determination as to whether an intradistrict conflict exists. Accordingly, I respectfully concur in part and dissent in part.
O’Connor, C.J., concurs in the foregoing opinion.