OPINION
{¶ 1} Defendant, Eric C. Klein, appeals the judgment of the Franklin County Court of Common Pleas convicting him of driving while intoxicated in violation of R.C. 4511.19. For the following reasons, we reverse and remand
 {¶ 2} On August 16, 2002, the grand jury returned an indictment that charged defendant with one count of driving while under the influence of alcohol or drugs with specification, in violation of R.C. 4511.19, a felony of the fourth degree. The indictment alleged that within the last six years defendant "was previously convicted of or pleaded guilty to" three or more OMVI offenses. Prior to trial, defendant moved to bifurcate, claiming the state was precluded from presenting evidence of his prior convictions. The trial court overruled the motion holding that the prior convictions are an essential element of the charged offense. Defendant then filed a motion in limine in an attempt to exclude the same evidence. The trial court similarly overruled the motion. Thereafter, the parties entered into a "Stipulation and Judgment Entry." The parties agreed to the following pertinent facts:
The defendant appeared in court on OMVI charges on the following dates: November 20, 1997, July 19, 2000, and August 9, 2000. If the defendant has been convicted of OMVI on any or all of those dates, any such conviction is contained in the documents attached to this Stipulation and Judgment Entry as `Exhibits A, B, and C' respectively. No stipulation is entered into by and between the parties as to whether or not these documents constitute convictions. It is, however, stipulated that the defendant in this case was the defendant in each of the aforementioned cases. It is further stipulated that the signature at the bottom of the Delaware Municipal Court Document (Exhibit B) is the signature of Delaware Magistrate Kevin Pelanda and that no judge approved or adopted any magistrate's report or recommendation in that case.
As to the elements of the offense in the case at bar other than that of a prior conviction, the defendant maintains his innocence but entered a no contest plea. He agrees not to contest these elements on appeal unless this conviction is reversed or the plea is withdrawn and the case is appealed subsequently.
 {¶ 3} The trial court accepted defendant's no contest plea, convicted him, and sentenced him accordingly. However, the trial court stayed enforcement of the sentence until this appeal is resolved. Defendant ("appellant") filed the instant appeal and asserts the following assignments of error:
I. It was error to convict the defendant of a felony DUI count where an alleged prior entry of conviction was signed only by a magistrate and was not approved or adopted by the court.
II. It was error to convict the defendant of a felony DUI count where the alleged prior entries of conviction did not comply with Criminal Rule 32.
 {¶ 4} R.C. 4511.19(G)(1)(d) provides:
* * * [A]n offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of this section or other equivalent offenses is guilty of a felony of the fourth degree. * * *
R.C. 4511.19(G)(1)(d), held unconstitutional on other grounds.
 {¶ 5} Section (A) and (B) detail various offenses of driving under the influence of alcohol or drugs. Accordingly, in order to be guilty of a felony of the fourth degree, the state must prove the offender has been convicted of or pleaded guilty to three or more offenses. Appellant argues the state cannot prove three prior convictions because two of the three previous judgment entries are deficient in some way.
 {¶ 6} However, we find appellant's "no contest" plea invalid as a matter of law. Crim.R. 11(B)(2) defines a no contest plea as "an admission of the truth of the facts alleged in the indictment, information, or complaint[.]" In this case, the parties' stipulation stated appellant entered a no contest plea, but only with respect to the elements of the offense other than
that of a prior conviction. The actual plea form has the words "indictment, information, or complaint" crossed out and the word "stipulation," (as to what defendant admitted to) inserted. This type of customized no contest plea is not an option for defendants under Crim.R. 11. The plain language of the rule mandates the defendant admit to the truth of "the facts alleged in the indictment." Appellant did not do that.
 {¶ 7} Because appellant's no contest plea is invalid, the case must be remanded to the trial court. If appellant chooses to plead no contest on remand, he must do so to the facts as alleged in the indictment. If appellant is not willing to so plead, as it appears he is not, the case must proceed to trial where appellant can test the weight of the state's evidence.
 {¶ 8} Based on the foregoing, appellant's first and second assignments of error are overruled. The case is reversed and remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and case remanded for further proceedings.
Brown and Klatt, JJ., concur.