OPINION
{¶ 1} Defendant-appellant, Demos Watkins (hereinafter "appellant"), appeals the judgment of the Allen County Court of Common Pleas, sentencing him to consecutive three year sentences on two counts of Trafficking in Powder Cocaine, in violation of R.C. 2925.03(A) and (C)(4)(e), a second degree felony.
 {¶ 2} On May 21, 2003, appellant sold approximately 125 grams of powder cocaine to a confidential informant for the Allen County Police Department. On June 12, 2003, appellant again met with the informant to sell him approximately 250 grams of powder cocaine. At the second meeting, appellant was arrested before a sale was made. On July 17, 2003, appellant was indicted on two counts of Trafficking in Powder Cocaine, in violation of R.C. 2925.03(A)(C)(4)(e), felonies of the second degree and one count of Possession of Cocaine, in violation of R.C. 2925.11(A)(C)(4)(d), a felony of the second degree.
 {¶ 3} On November 26, 2003, as part of a plea agreement, appellant pled guilty to the two counts of Trafficking in Powder Cocaine. In exchange, the state dismissed the third count of the indictment, Possession of Cocaine. A sentencing hearing was scheduled and the trial court ordered a pre-sentence investigation.
 {¶ 4} Appellant appeared for sentencing on January 20, 2004. Following testimony and argument, appellant was sentenced to three years on each count, to be served consecutively, for a total sentence of six years in prison. It is from this sentence that appellant appeals and asserts three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in sentencing the Defendant by not imposing aminimum sentence, in violation of R.C. 2929.14(B).
 {¶ 5} Appellant asserts that his sentence is in error because it conflicts with the sentencing guidelines set forth in R.C. 2929.14(B). Appellant specifically argues that neither of the statutory findings of R.C. 2929.14(B)(2)[1] were applicable to the circumstances of his case to increase his term of incarceration from the presumptive minimum two year sentence for a felony of the second degree.
 {¶ 6} When reviewing the imposition of a felony sentence, an appellate court must review the propriety of the trial court's decision and may only substitute its judgment for that of the trial court on a showing by clear and convincing evidence that the record does not support the sentencing court's findings or is otherwise contrary to law. State v.Kuhlman, Paulding App. No. 11-01-05, 2001-Ohio-2331; R.C. 2953.08(G)(2)(a), (b). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford
(1954), 161 Ohio St. 469. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v.Jones (2001), 93 Ohio St.3d 391, 400.
 {¶ 7} The trial court's findings under R.C. 2929.03, 2929.04, 2929.11,2929.12, 2929.14, and 2929.19, in effect, determine a particular sentence, and a sentence unsupported by these findings is both incomplete and invalid. See State v. Martin (1999), 136 Ohio App.3d 355. One of these provisions, R.C. 2929.11, provides that the overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender. In determining how to achieve these purposes, the trial court must consider certain statutory factors, including those regarding the seriousness of the crime and the likelihood of recidivism by the offender. See R.C. 2929.12. Moreover, a trial court should be given significant discretion in applying these factors. State v. Arnett
(2000), 88 Ohio St.3d 208, 215.
 {¶ 8} Appellant pled guilty to two counts of Trafficking in Cocaine, in violation of R.C. 2925.03(A). The quantity of drugs involved in appellant's case, raised his violation to a second degree felony. R.C.2925.03(C)(1)(d). A conviction for a second degree felony drug offense under any provision of Chapter 2925 carries a presumption that a prison term, rather than community control, is necessary to comply with the purposes of sentencing. R.C. 2929.13(D). R.C. 2929.14(A)(2) provides the permissible terms of incarceration for a second degree felony and states that such an offense may be punished by a prison term of two, three, four, five, six, seven, or eight years. If, based on the sentencing criteria, a court elects to impose a prison term, it must impose the shortest term mandated unless the trial court finds that one or more of the following applies:
(1) The offender was serving a prison term at the time of the offense,or the offender previously had served a prison term. (2) The court findson the record that the shortest prison term will demean the seriousnessof the offender's conduct or will not adequately protect the public fromfuture crime by the offender or others.
R.C. 2929.14(B)(2).
 {¶ 9} Moreover, the court is required to state its findings orally at the sentencing hearing rather than merely including the findings in its judgment entry. See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 19.
 {¶ 10} In the case sub judice, the trial court found that appellant was not amenable to community control. Rather, the trial court found that the presumptive prison sentence for a violation of Chapter 2925 was consistent with the purposes of sentencing. According to the trial court, this finding was based on a consideration of the R.C. 2929.12
factors regarding the seriousness of the crime and the likelihood of recidivism. Specifically, the trial court found that the appellant's offense was more serious than conduct normally constituting the offense since the appellant committed the offense as part of organized criminal activity. See R.C. 2929.12(B)(7). The trial court also found that appellant was likely to commit future crimes due to the fact that he has a history of criminal convictions and/or was adjudicated a delinquent child; has not responded favorably to sanctions previously imposed for criminal convictions; and showed no genuine remorse for the offense. See R.C. 2929.12(D)(2), (3) and (5), respectively. Based on these considerations, the trial court sentenced appellant to three years on each count of trafficking, finding that the two-year minimum prison term would demean the seriousness of the appellant's conduct and would not adequately protect the public from future crime. The trial court announced these findings at the sentencing hearing and stated them in the judgment entry.
 {¶ 11} After review, we do not find that the appellant's sentence is contrary to law or is not supported by the record. The trial court made the necessary findings on the record as required by R.C. 2929.14. Further, although the trial court did not find the majority of the seriousness and recidivism factors of R.C. 2929.12 applicable to appellant, the findings made were sufficient to impose more than the minimum sentence. Our conclusion would necessarily be different if none
of the factors of R.C. 2929.12 had applied to the circumstances of appellant's case and his background. However, such is not the case before us. We hold that the trial court followed the proper sentencing procedures and the sentence imposed is supported by the record.
 {¶ 12} Accordingly, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in sentencing the Defendant by imposingconsecutive sentences, in violation of R.C. 2929.14(E)(4).
 {¶ 13} In this assignment of error, the appellant contends that the trial court erred in ordering him to serve his two, three-year sentences consecutively. Appellant asserts that the findings of the trial court were insufficient to justify consecutive sentencing. We note again that we may modify a trial court's sentence only if there is clear and convincing evidence that the record does not support the trial court's findings or that the sentence is contrary to the law. See Kuhlman,
supra; R.C. 2953.08(G)(2).
 {¶ 14} R.C. 2929.14(E)(4) allows a trial court to impose consecutive sentences if it finds that:
* * * the consecutive service is necessary to protect the public fromfuture crime or to punish the offender and that consecutive sentences arenot disproportionate to the seriousness of the offender's conduct and tothe danger the offender poses to the public, and if the court also findsany of the following:
 he offender committed one or more of the multiple offenses while theoffender was awaiting trial or sentencing, was under a sanction imposedpursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, orwas under post-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of oneof more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed of any of the courses ofconduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
Pursuant to R.C. 2929.19(B)(2), the trial court, in imposing consecutive sentences, must also make a finding that gives its reasons for doing so.
 {¶ 15} The trial court, at the sentencing hearing and in its sentencing entry, found that pursuant to R.C. 2929.14(E), consecutive sentences were necessary to protect the public and punish the appellant, consecutive terms are not disproportionate to the conduct of the appellant in that the harm done by the appellant was so great or unusual that a single term does not adequately reflect the seriousness of the defendant's conduct.
 {¶ 16} The trial court also set forth its reasons for imposing consecutive sentences. In determining appellant's sentence, the trial court stated that it had considered the quantity of drugs involved and noted that it was "not a street corner activity of five dollars, ten dollars. It was thirty-five hundred dollars and if that was-the second transaction would have been approximately twice that * * *." The trial court also found that the harm caused was so great or unusual that a single term did not adequately reflect the seriousness of the appellant's conduct. The trial court stated that many lives are affected when people get hooked on cocaine and the wounds that come with the use of drugs "don't often heal." The trial court further stated that the sentence was a deterrent to the appellant, personally, and others who may consider selling drugs. The trial court, therefore, made the statutorily required findings and the sentence is not contrary to law. However, we must also determine whether the trial court's findings and reasons are supported by the record.
 {¶ 17} The record indicates that the charges against appellant stemmed from two sales of cocaine to a confidential informant. The police arranged the drug sales on the basis of credible evidence that appellant had been making sales one to two times a week of cocaine in amounts between four and nine ounces for approximately two and a half years. In May 2003, after obtaining this information, the Allen County Drug Enforcement Agency, directed the informant to place a call to appellant asking if he could get the informant drugs. The appellant subsequently procured cocaine to sell to the informant. On or about May 21, 2003 appellant sold the informant 125 grams of powder cocaine for the sum of approximately $3500. The second meeting with the informant occurred on or about June 12, 2003, whereby the appellant arrived with 250 grams of powder cocaine in his possession. Appellant was then arrested.
 {¶ 18} Sergeant Clyde Breitigan of the Allen County Drug Enforcement Agency testified at the sentencing hearing. Sgt. Breitigan explained that the amount of cocaine that appellant sold to informant was not a street level amount, but rather would be classified in the mid to lower-upper level range of drug sales in Allen County, Ohio. Sgt. Breitigan elaborated on this fact, stating that the 125 grams of cocaine sold by appellant in the May 21, 2003 sale could be turned into approximately 750 twenty-dollar rocks of crack cocaine, a street level value of $15,000. The 250 grams of powder cocaine that appellant delivered at the second meeting with the informant would, logically, be worth twice that amount.
 {¶ 19} Based on the evidence before us, we find that the record supports the trial court's findings that consecutive sentences were necessary to protect the public and punish the appellant and are not disproportionate to the conduct of the appellant considering the harm done. We, therefore, find that the appellant's sentence is supported by the record.
 {¶ 20} Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III Consecutive sentencing under R.C. 2929.14(E)(4) violated the Apprendidoctrine and was therefore unconstitutional.
 {¶ 21} In his final assignment of error, appellant claims that his sentence was unconstitutional in light of the United States Supreme Court's decisions in Apprendi v. New Jersey (2000), 530 U.S. 466 andBlakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. The court inApprendi held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. at 490. In Blakely, the court held that, for purposes ofApprendi, the relevant statutory maximum is the "maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." Id. at syllabus. Appellant, therefore, contends that only the two-year minimum term for a second degree felony could have been imposed. He asserts that the trial court violatedApprendi and Blakely by imposing a three-year prison term for each conviction, to be served consecutively, for an aggregate six-year term.
 {¶ 22} Recently, this court released an opinion on the applicability of Blakely and determined that Blakely is not applicable to Ohio's statutory scheme. See State v. Trubee (2005), 3d Dist. No. 9-03-65. InTrubee, we recognized the differences between the Washington State sentencing framework found unconstitutional in Blakely and the determinations that an Ohio sentencing court must make before imposing a sentence under Ohio law. We determined that once a jury determines an offender is guilty of a particular offense, the framework of Ohio's sentencing structure allows a judge to sentence the offender within the overall range for each applicable felony degree without running afoul of the Sixth Amendment. Id. at ¶ 23. Therefore, we held that the "statutory maximum," for Blakely-Apprendi purposes, is not the minimum term of imprisonment for a particular felony as stated in R.C. 2929.14(A) but, rather, the maximum term provided by statute for each felony offense.
 {¶ 23} In the case sub judice, Watkins was found guilty of two second degree felonies, each punishable by a prison term of two, three, four, five, six, seven or eight years. R.C. 2929.14(A)(2). The trial court sentenced Watkins to a three-year term for each offense. Because the trial court sentenced Watkins to a term within the range provided by R.C. 2929.14(A), we do not find that his sentence violates the holding ofBlakely.
 {¶ 24} Even if the reasoning of Blakely were applicable to Ohio felony sentencing, we do not find that appellant's sentence is in conflict with that decision.
 {¶ 25} In deciding Blakely, the Supreme Court reiterated a rule of law previously announced in Apprendi. That rule of law clearly states that for the purpose of increasing a penalty for a crime beyond the statutory maximum, prior convictions do not have to be submitted to a jury and proven beyond a reasonable doubt. See Blakely, 542 U.S. ___,124 S.Ct. at 2536. The trial court, in the case sub judice, based its decision to sentence appellant to a three-year prison term, rather than the minimum two-year term, on its findings that appellant was likely to commit future crimes due to the fact that he has a history of criminal convictions and has not responded favorably to the sanctions previously imposed for those convictions.
 {¶ 26} Due to the trial court's reliance on appellant's prior convictions in determining his three-year prison term, we do not find that the trial court's imposition of a sentence in excess of the minimum two-year term was unconstitutional. In addition, Apprendi and Blakely
concern the limitations for punishment for one crime committed and express no opinion as to whether sentences for multiple, separate crimes should be served concurrently or consecutively. Therefore, we cannot find that the trial court's determination that appellant's sentences should be served consecutively was a violation of Apprendi or Blakely.
 {¶ 27} Accordingly, appellant's third assignment of error is overruled.
 {¶ 28} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, J., concurs.
[1] R.C. 2929.14 (B)(2) provides that a court may impose more than the minimum sentence if it determines that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.