THE STATE OF OHIO, APPELLEE, *v.* BAKER, APPELLANT.

[Cite as *State v. Baker,* 126 Ohio St.3d 1215, 2010-Ohio-3235.]

*Cause dismissed because the court determines that no conflict exists.*

(No. 2009-1198 — Submitted June 8, 2010 — Decided July 14, 2010.)

CERTIFIED by the Court of Appeals for Summit County, No. 23713, 2009-Ohio-2340.

_____

**{¶ 1}** The cause is dismissed, sua sponte, for want of a conflict.

O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., dissents.

BROWN, C.J., and PFEIFER, J., dissent for the reasons stated in Part II of the dissenting opinion of LUNDBERG STRATTON, J.

_____

**LUNDBERG STRATTON, J., dissenting.**

**{¶ 2}** I respectfully dissent from the majority's decision to dismiss this appeal as having been improvidently certified.

**I**

**{¶ 3}** On April 15, 2009, this court dismissed two appeals involving the same parties as in this appeal in *State v. Baker*, 121 Ohio St.3d 1233, 2009-Ohio-1675, 905 N.E.2d 194, as having been improvidently certified and accepted. Our order contained the following statement: "The court orders that the opinion of the court of appeals may not be cited as authority except by the parties inter se." [1] Despite this order, the appellate court in this matter held: "Because this assignment of error involves the identical parties, our rejection of Baker's

---

1. According to Black's Law Dictionary (9th Ed.2009) 896, "inter se" is Latin for "between or among themselves."

argument in a prior appeal remains applicable to the instant appeal." 2009-Ohio-2340, ¶ 18. The appellate court has misconstrued the meaning of this court's admonition in our order in *State v. Baker*, 121 Ohio St.3d 1233, 2009-Ohio-1675, 905 N.E.2d 194. It is our intent that decisions as to which we give this admonition not be used as binding precedent except by the parties to that particular case and in the continuation of that particular case. Although this case involves the same parties, it is a different case, and the court of appeals should not have cited its previous *Baker* decision as authority.

## II

**{¶ 4}** As to the substantive legal issue, in *Old Chief v. United States* (1997), 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574, the United States Supreme Court determined that a defendant's conviction must be reversed if a past conviction is an element of the offense of which the defendant was convicted and the state refused to accept the defendant's stipulation regarding the conviction. Id. at 174. The certified question before us is: "Does the holding of *Old Chief v. United States* (1997), 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574, granting a right to a Defendant to stipulate to prior criminal convictions apply to state law prosecutions, or is it limited solely to prosecutions under federal law?" 123 Ohio St.3d 1516, 2009-Ohio-6486, 918 N.E.2d 161.

**{¶ 5}** Prior to this case, Baker had raised the *Old Chief* issue in our case Nos. 2008-1094 and 2008-1304, but after oral argument, just as in this case, this court dismissed those appeals as having been improvidently accepted and certified. Baker is now raising the *Old Chief* issue in a third case before the court.

**{¶ 6}** The majority may have believed that procedurally this case is not the vehicle in which to resolve the issue, because defense counsel did not object to the admission of the judgment entries of conviction as the defense in *Old Chief* did. However, the failure to object could be grounds for establishing ineffective assistance of counsel, in that prejudicial material was unnecessarily put before the

jury. In addition, the appeal now before us presents a certified conflict that clearly shows a split between the Ninth District's view and that of other appellate districts. Therefore, the issue is squarely before us and has remained unresolved in Ohio for 13 years. The bench and bar of this state need clarification on this issue. The Ninth District needs a definitive answer from us on our interpretation. Therefore, I dissent from the dismissal of this case as having been improvidently certified, and I would adopt the holdings of *Old Chief* and apply the reasoning of *Old Chief* to the Ohio statute.

BROWN, C.J., and PFEIFER, J., concur in Part II of the foregoing opinion.

_____

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

Donald Gallick, for appellant.

A. Mark Segreti Jr., in support of appellant for amicus curiae, Timothy Reid.

_____