[Cite as *State v. Bibler*, 2014-Ohio-3375.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,             CASE NO. 9-13-70

    v.

BRANDON LEE BIBLER,                 O P I N I O N

    DEFENDANT-APPELLEE.

**Appeal from Marion County Common Pleas Court**
**Trial Court No. 13 CR 0488**

**Judgment Reversed and Cause Remanded**

**Date of Decision: August 4, 2014**

APPEARANCES:

    *Denise M. Martin* **for Appellant**

    *Ted I. Coulter* **for Appellee**

Case No. 9-13-70

**PRESTON, J.**

{¶1} Plaintiff-appellant, the State of Ohio, appeals the judgment of the Marion County Court of Common Pleas allowing defendant-appellee, Brandon Lee Bibler ("Bibler"), to enter a plea of guilty to one element of the offense of domestic violence and granting Bibler's motion in limine for the purpose of excluding evidence of that element. For the reasons that follow, we reverse.

{¶2} On September 25, 2013, Bibler was indicted for domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree based on the indictment containing the charge that Bibler had a prior conviction for domestic violence. (Doc. No. 3); R.C. 2919.25(D)(3). On November 15, 2013, the trial court held a plea hearing as to the single element of a prior conviction for domestic violence. (Nov. 15, 2013 Tr. at 2). Bibler pled guilty to the prior-conviction element. (*Id.* at 23-24); (Nov. 26, 2013 JE, Doc. No. 40). After the trial court accepted Bibler's plea, Bibler made an oral motion in limine to preclude the State from presenting any evidence at trial regarding Bibler's prior conviction for domestic violence. (Nov. 15, 2013 Tr. at 24-25). On November 27, 2013, the trial court granted Bibler's motion in limine. (Nov. 27, 2013 JE, Doc. No. 41). The trial court concluded:

-2-

Further, it will not be necessary for the State to prove at trial the existence of a prior conviction element, since [Bibler] has pleaded guilty to this element.

Since the prior conviction is not material for any other purpose, and its admission into evidence would be unfairly prejudicial to [Bibler], the State will not be permitted to introduce into evidence or present information to the jury regarding the existence of the prior domestic violence conviction which is reflected in Court's Exhibit 1[1] which was the result of [Bibler's prior conviction].

(*Id.* at 9).

{¶3} On December 4, 2013, the State filed a motion for leave to appeal the November 27, 2013 judgment entry, incorporating and applying the November 26, 2013 judgment entry. On January 24, 2014, this court granted the State's motion for leave to appeal the trial court's judgment allowing Bibler to enter a plea of guilty, and the judgment granting Bibler's motion in limine. The State raises one assignment of error.

**Assignment of Error**

**The existence of a prior domestic violence conviction is an essential element of R.C.§2919.25(A); consequently, the trial court erred as a matter of law when it allowed defendant-appellant to enter a plea of guilty to the single element**

---

[1] The record reflects that Court's Exhibit 1 is a certified copy of the judgment entry containing Bibler's prior conviction. (*See* Nov. 15, 2013 Tr. at 13-14).

**of the prior conviction for domestic violence and subsequently ordered that the state would be precluded from producing evidence of the same at trial.**

{¶4} In its assignment of error, the State argues that the trial court erred as a matter of law when it permitted Bibler to plead guilty to a single element of the offense of domestic violence, and, subsequently, precluded the State from presenting evidence of Bibler's prior domestic-violence conviction at trial.

{¶5} The acceptance of pleas and the determination of whether or not to admit evidence are matters within the trial court's discretion. *See State v. Bowers*, 3d Dist. Union No. 14-11-12, 2012-Ohio-1585, ¶ 17 ("Crim.R. 11 vests discretion in the trial court in determining whether to accept a plea."); *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus ("The admission or exclusion of relevant evidence rests within the sound discretion of the trial court."). We generally review these matters for an abuse of discretion. *See Bowers* at ¶ 17; *State v. Johnson*, 3d Dist. Marion No. 9-10-47, 2011-Ohio-994, ¶ 59 ("An appellate court will not disturb evidentiary rulings absent an abuse of discretion that produces a material prejudice to the aggrieved party."), citing *State v. Roberts*, 156 Ohio App.3d 352, 2004-Ohio-962, ¶ 14 (9th Dist.).

{¶6} However, the State argues that this matter raises a question of law and should be reviewed de novo. The de novo standard is appropriate "'where a trial court's order is based on an erroneous standard or misconstruction of the law * *

*.'"    *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 16, quoting *Castlebrook, Ltd. v. Dayton Properties, Ltd.*, 78 Ohio App.3d 340, 346 (2d Dist.1992).    *See also State v. Parker*, 3d Dist. Putnam No. 12-08-08, 2009-Ohio-1835, ¶ 11 ("[S]tatutory interpretation is a question of law reviewed de novo."), citing *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4168, ¶ 8.  "'In determining a pure question of law, an appellate court may properly substitute its judgment for that of the trial court, since an important function of appellate courts is to resolve disputed propositions of law.'"  *Morris* at ¶ 16, quoting *Castlebrook at* 346.

{¶7} Because this appeal raises a question of law, we will review the trial court's judgment de novo.  Accordingly, we will address whether the trial court erred as a matter of law when it permitted Bibler to plead guilty to the prior-conviction element of the offense of domestic violence.  The State argues that the Revised Code, the Rules of Criminal Procedure, and relevant case law do not permit Bibler to enter a guilty plea to only the prior-conviction element of the offense of domestic violence.  The State further argues that the resulting effect of any such plea – essentially a bifurcated proceeding – is impermissible.

{¶8} R.C. 2919.25(A) sets forth the offense of domestic violence and provides:  "No person shall knowingly cause or attempt to cause physical harm to a family or household member."  A violation of R.C. 2919.25(A) is generally a

first-degree misdemeanor; however, if the defendant "previously has pleaded guilty to or been convicted of domestic violence," it is a felony of the fourth degree. *See* R.C. 2919.25(D)(2) and (D)(3). Because a prior domestic-violence conviction raises the degree of a subsequent offense, a prior conviction is an essential element of the offense. *State v. Allen*, 29 Ohio St.3d 53, 54 (1987) (an element elevates the degree of the offense; an enhancement provision increases only the penalty). "And no matter how the state chooses to prove this element, it must be proven beyond a reasonable doubt before the level of the offense may be increased." *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, ¶ 11, citing *State v. Henderson*, 58 Ohio St.2d 171, 173 (1979).

**{¶9}** The trial court permitted Bibler to plead guilty to the prior-conviction element alone. In other words, the trial court permitted Bibler to plead guilty to fewer than all of the elements of the offense for which the grand jury indicted him. It is an issue of first impression in this court whether a defendant may enter a partial plea of guilty by pleading guilty to a single element of a crime—that is, fewer than all of the elements of an offense charged by a grand jury. Therefore, we must examine the authorities governing the entry of pleas and determine whether Ohio law permits a partial plea of guilty.

**{¶10}** R.C. Chapters 2943 and 2937 and Crim.R. 11 govern the entry of guilty pleas. R.C. Chapter 2943 directly governs the entry of Bibler's guilty plea

because he entered it after being indicted. R.C. Chapter 2943 describes plea procedure after an indictment. R.C. 2943.03 allows for "[p]leas *to an indictment \* \* \*.*"[2] (Emphasis added.) There are five types of pleas to an indictment allowed by R.C. 2943.03, including "guilty." *See* R.C. 2943.03(A). Further, the statute states, "The court may, for good cause shown, allow a change of plea at any time before the commencement of the trial." R.C. 2943.03.

{¶11} To decide the scope of R.C. 2943.03, this court begins with its text, "'reading words and phrases in context and construing them according to the rules of grammar and common usage.'" *State v. Buehler*, 113 Ohio St.3d 114, 2007-Ohio-1246, ¶ 29, quoting *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, ¶ 21. "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." *State v. Manoccio*, 138 Ohio St.3d 292, 2014-Ohio-785, ¶ 17, quoting R.C. 1.42. "We must accord significance and effect to every word, phrase, sentence, and part of the statute [and] we may not restrict, constrict, qualify, narrow, enlarge, or abridge the General Assembly's wording." *State ex rel. Carna v. Teays Valley Local School Dist. Bd. Of Edn.*, 131 Ohio St.3d 478, 2012-Ohio-1484, ¶ 18, citing *Weaver v. Edwin Shaw Hosp.*, 104 Ohio St.3d 390, 2004-Ohio-6549, ¶ 13 and *State ex rel. Cassels v. Dayton City School Dist. Bd. of*

---

[2] R.C. 2943.03 describes pleas to an indictment or an information. *See* R.C. 2943.03. The same principles regarding guilty pleas apply to an information that apply to an indictment. Because an information is not presented by the facts of this case, it is not directly addressed in our analysis.

*Edn.*, 69 Ohio St.3d 217, 220 (1994). If a statute's language is plain and unambiguous, this court will apply it as written. *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 13.

{¶12} A "guilty plea" is "[a]n accused person's formal admission in court of having committed the charged[3] *offense*." (Emphasis added.) *Black's Law Dictionary* 1337 (10th Ed.2014). An "offense" is "[a] violation of the law; a crime, often a minor one."[4] *Id.* at 1250. Likewise, the United States Supreme Court has stated that a "guilty plea is an admission of all the elements of a formal criminal charge * * *." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). "The terms 'crime,' 'offense,' and 'criminal offense' are all said to be synonymous, and ordinarily used interchangeably." 22 *Corpus Juris Secundum*, Criminal Law, Section 3 (1989), citing *Ex parte Brady*, 116 Ohio St. 512, 517 (1927). An "indictment" is defined as, "The formal written accusation of a *crime*, made by a grand jury and presented to a court for prosecution against the accused person." (Emphasis added.) *Black's* at 891.

{¶13} R.C. 2943.03 is not ambiguous. R.C. 2943.03 permits *guilty pleas* to an *indictment*. A "guilty plea" is the formal admission of having committed the charged offense, and an "indictment" is the formal, written accusation of a crime.

---

[3] Black's Law Dictionary defines a "charge" as "[a] formal accusation of an *offense* as a preliminary step to prosecution." (Emphasis added.) *Black's Law Dictionary* 282 (10th Ed.2014).
[4] Black's Law Dictionary defines "elements of a crime" as "[t]he constituent parts of a crime – usu[ally] consisting of the actus reus, mens rea, and causation – the prosecution must prove to sustain a conviction." *Black's Law Dictionary* 597 (10th Ed.2014).

"When the General Assembly has written a clear and complete statute, this court will not use additional tools to produce an alternative meaning." *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, ¶ 12. The plain meaning of "guilty plea" and "indictment" encompasses all of the elements of an offense. Therefore, pursuant to R.C. 2943.03, a guilty plea cannot be made to fewer than all of the elements of the crime charged in the indictment.

{¶14} R.C. 2943.03 is not in conflict with the Rules of Criminal Procedure, which also contemplate guilty pleas to an *offense*—that is, not fewer than all of the elements of an offense. *See Boyer v. Boyer*, 46 Ohio St.2d 83, 86 (1976) (where conflicts arise between the rules and the statutory law, the rule controls over the statute on matters of procedure, and the statute controls over the rule on matters of substantive law), citing Ohio Constitution, Article IV, Section 5(B). Crim.R. 11(A) states that "[a] defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest. * * *." Furthermore, Crim.R. 11(B) states:

> "With reference to the *offense or offenses* to which the plea is entered:
>
> (1) The plea of guilty is a *complete* admission of the defendant's guilt.
>
> * * *

(3)   When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3)[5] and (4)[6] of this rule, *shall proceed with sentencing* under Crim.R.32.

(Emphasis added.)

**{¶15}** Bibler argues that because the Rules of Criminal Procedure do not specifically state that a defendant can or cannot plead to an individual element, he should be permitted to do so.   The trial court adopted Bibler's argument.   In reaching that conclusion, Bibler and the trial court merely cited Crim.R. 11(A) and concluded that, because Crim.R. 11(A) does not specifically prohibit pleading guilty to a single element of a multi-element offense, the rule should be liberally construed in accordance with Crim.R. 1(B)[7] and R.C. 2901.04(B)[8] to permit Bibler to enter such a plea.   Bibler and the trial court failed to read Crim.R. 11 in its entirety, or read the governing section of the Revised Code, R.C. 2943.03, to ascertain what a "guilty plea" is under the Rules of Criminal Procedure and the Revised Code.   Similar to R.C. 2943.03, Crim.R. 11 states, with reference to the *offense* pled to, a guilty plea is a complete admission of guilt.   Crim.R. 11 further indicates that, once a guilty plea is accepted, the court shall proceed to sentencing.

---

[5] Crim.R. 11(C)(3) pertains to pleas to aggravated murder charges.
[6] "With respect to all other cases the court need not take testimony upon a plea of guilty or no contest." Crim.R. 11(C)(4).
[7] "These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay." Crim.R. 1(B).
[8] "Rules of criminal procedure and sections of the Revised Code providing for criminal procedure shall be construed so as to effect the fair, impartial, speedy, and sure administration of justice." R.C. 2901.04(B).

The trial court cannot sentence a defendant upon the acceptance of a guilty plea to fewer than all of the elements of the offense. Thus, Crim.R. 11 does not permit a guilty plea to fewer than all of the elements of an offense and is not in conflict with R.C. 2943.03.

{¶16} Although not controlling in this case, R.C. Chapters 2901 and 2937 provide further insight that a guilty plea cannot be made to fewer than all of the elements of a crime charged in an indictment.

{¶17} In the context of abrogating common law offenses, R.C. 2901.03 explains that only conduct defined in the Revised Code is an offense against the State. R.C. 2901.03(A). R.C. 2901.03(B) defines "offense" as "when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and *provide a penalty for violation* of such prohibition or failure to meet such duty." (Emphasis added.) R.C. 2901.03(B). There is no penalty for simply having a prior domestic-violence conviction.

{¶18} R.C. 2937.06 describes plea procedure at an arraignment. *See State v. Simones*, 27 Ohio App.2d 9, 13-14 (3d Dist.1971) (after the requirements of R.C. 2937.02 are met, a defendant is arraigned and required to plea). R.C. 2937.06(A) states that "[a]fter all motions are disposed of or if no motion is presented, the court or magistrate shall require the accused to plead to the *charge*." (Emphasis added.) Similarly, R.C. 2937.09, which describes the plea procedure

for felony cases at an arraignment in further detail, states, in relevant part, "If the defendant enters a written plea of guilty or, pleading not guilty, affirmatively waives the right to have the court or magistrate take evidence concerning the *offense*, the court or magistrate forthwith and without taking evidence may find that the *crime* has been committed." (Emphasis added.)

{¶19} In sum, the Revised Code and the Rules of Criminal Procedure do not contemplate guilty pleas to fewer than all elements of a crime. The language employed by the sections of the Revised Code and the Rules of Criminal Procedure pertinent to guilty pleas employ the words "charge," "offense," "crime," and "indictment" in describing guilty plea procedure. The plain meaning of the words "charge," "offense," "crime," and "indictment" indicate that it was the General Assembly and the Supreme Court's intent to allow for a guilty plea to an entire offense, not individual elements of an offense. Further, the General Assembly defined "offense" in R.C. Chapter 2901 to include an act that is punishable by a penalty. *See* R.C. 2901.03(B). There is no penalty for pleading guilty to an element of an offense. The penalty is attached to the offense. Consequently, a guilty plea cannot be made to fewer than all elements of an offense.

{¶20} This case is analogous to *State v. Klein*, 10th Dist. Franklin No. 03AP-945, 2004-Ohio-4557, in which the Tenth District determined that the

defendant's "customized" no-contest plea was invalid as a matter of law. In *Klein*, the defendant entered a no-contest plea "to the elements of the offense, other than [the] prior conviction." (Emphasis sic.) *Id.* at ¶ 6. Klein crossed out the words "indictment, information, or complaint" and inserted the word "stipulation" on the actual plea form to indicate what he was admitting to. *Id.* The Tenth District concluded, "This type of customized no contest plea is not an option for defendants under Crim.R. 11. The plain language of the rule mandates the defendant admit to the truth of 'the facts alleged in the indictment.'" *Id.*

{¶21} Here, Bibler wrote "prior conviction element only" next to the caption "Entry of Guilty Plea" on the plea form.[9] (Nov. 26, 2013 JE, Doc. No. 40). Bibler also amended the plea form by inserting "prior conviction element of the" between the words "the" and "offense" and scratched out the "s" on the word "offenses" in the phrase "I now desire to plead GUILTY to the offenses set forth below." (*Id.*). Further, he made the following italicized and strikethrough changes to the plea form:

> I understand that my guilty plea is a complete admission of guilt *to*
>
> *the prior conviction element* and a waiver of any and all
>
> constitutional, statutory, or factual defenses in this case. I further

---

[9] The Marion County Court of Common Pleas form references "R.C. 2943.03(1)(B)(1)" in brackets at the end of the section of information attested to by a defendant. (Doc. No. 40). There is no "(1)(B)(1)" subsection of R.C. 2943.03. *See* R.C. 2943.03. It is also unclear whether the document's reference to "R.C. 2943.03" relates to the entire preceding information, or just the question "Are you, a citizen of the United States?" (*See* Doc. No. 40). There is no requirement in R.C. 2943.03 that a defendant attest to his citizenship.

understand that by pleading GUILTY, I waive a number of important rights, including the right to have a trial by jury, the right to confront and cross-examine the State's witnesses who testify against me, the right to subpoena witnesses in my behalf, and the right to require the State to prove my guilt beyond a reasonable doubt at a trial at which I cannot be compelled to testify against myself *with respect to the prior conviction element.* ~~I understand that the Court upon acceptance of my plea of GUILTY may proceed with judgment and sentence.~~ I am pleading guilty voluntarily. I am satisfied with the legal representation and advice I have received from my attorney. *If I am found guilty of domestic violence, my conviction will be for a felony four offense.*

(*Id.*). Lastly, the court added the phrase "to the prior conviction element" after the statement, "The court, being fully advised as to the facts; hereby accepts the Defendant's plea of GUILTY * * *." (*Id.*). The prosecuting attorney signed the plea form in acceptance "as to form only." (*Id.*).

{¶22} Like the Tenth District in *Klein*, we also conclude that this type of customized plea is not permitted by Crim.R. 11, or R.C. 2943.03.

{¶23} Also informative to our holding is the law regarding bifurcated trials. The State argues that not only do the Revised Code and the Rules of Criminal

-14-

Procedure prohibit pleading guilty to an element of an offense, but the resulting effect of any such plea – essentially a bifurcated proceeding – is prohibited by case law. In its argument, the State reiterates that "where the existence of a prior offense is an element of a subsequent crime, the state must prove the prior conviction beyond a reasonable doubt * * * [and] [t]he jury must find that the previous conviction has been established in order to find the defendant guilty on the second offense." *State v. Day*, 99 Ohio App.3d 514, 517 (12th Dist.1994). Further, for a valid conviction of the elevated degree of the offense, the jury's verdict form must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense. *See Pelfrey*, 112 Ohio St.3d 422, at syllabus; R.C. 2945.75(A)(2).

{¶24} As an essential element of a crime that must be found by a jury, "a defendant is not entitled to bifurcate proceedings, nor may he waive jury trial on a prior conviction element alone." *State v. Nadock*, 11th Dist. Lake No. 2009-L-042, 2010-Ohio-1161, ¶ 38, citing *State v. Sweeny*, 131 Ohio App.3d 765, 773 (2d Dist.1999). *See also State v. Runner*, 7th Dist. Belmont No. 99-BA-36, 2001-Ohio-3263, *3 (May 16, 2001) ("Nearly every appellate district in Ohio has held that an accused has no right to a bifurcated proceeding absent an enactment by the General Assembly of a statute conferring such right."). Similarly, this court

has held that a prior conviction of domestic violence is an essential element of a subsequent offense and may not be bifurcated from the remainder of the elements of the subsequent offense. *State v. Maynez*, 3d Dist. Defiance No. 4-07-23, 2008-Ohio-3054, ¶ 9. This court also acknowledged that "the current state of the law expressly prohibits waiving an element from the jury." *State v. Sanders*, 3d Dist. Allen No. 1-09-01, 2009-Ohio-5437, ¶ 44.

**{¶25}** The State argues that permitting a partial plea of guilty is essentially creating a de facto bifurcated proceeding. Bibler equally concedes that the trial court is creating a bifurcated proceeding in accepting his partial guilty plea, but argues, "it is time to change the 'bifurcation rule' in Ohio as it pertains to 'prior convictions' so fair trials are held in Ohio if a Defendant waives his right to jury trial on the prior conviction element and pleads guilty to its existence to a Judge." (Appellee's Brief at 8). In support of his argument, Bibler advances three claims: that the prior-conviction element is only a sentencing factor, not an essential element; that *Old Chief v. United States*, 519 U.S. 172 (1997), prohibits the name and nature of a prior conviction from being presented to a jury where a defendant assents to it; and that this court should depart from the longstanding bifurcation rule where a defendant fully admits the prior-conviction element and properly waives his right to a jury trial on that element.

{¶26} Bibler first asserts that the General Assembly has impermissibly made a prior conviction for domestic violence an element of the crime, when it is only a sentencing factor based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Bibler contends that the United States Supreme Court excluded prior convictions as matters that should be decided by juries. *Id.* at 489. However, *Apprendi* is inapplicable to the facts in this case.

{¶27} The defendant in *Apprendi* was charged with violating a New Jersey statute prohibiting the possession of a firearm for an unlawful purpose after he fired several shots into the home of an African-American family. *Id.* at syllabus. After pleading guilty to the charged offense, the prosecutor filed a motion to enhance Apprendi's sentence, alleging that Apprendi's actions were racially motivated. *Id.* Apprendi was sentenced to 12 years, 2 years more than the 10-year maximum sentence for the offense to which he plead guilty. *Id.* Apprendi challenged his enhanced sentence, and the United States Supreme Court held that "[t]he Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt." *Id.*

{¶28} This court acknowledged that the *Apprendi* rule "clearly states that for the purpose of increasing a penalty for a crime beyond the statutory maximum,

prior convictions do not have to be submitted to a jury and proven beyond a reasonable doubt." *State v. Watkins*, 3d Dist. Allen No. 1-04-17, 2005-Ohio-2359, ¶ 25, *rev'd in part on other grounds, sub nom. In re Ohio Criminal Statutes Cases*, 109 Ohio St.3d 313 (2006), citing *Blakely v. Washington*, 542 U.S. 296 (2004).

**{¶29}** Here, the prior-conviction element is not merely a fact that enhances the penalty, as Bibler would like us to infer from *Apprendi*. The prior-conviction element is an element of the offense that elevates the degree of the offense. *Allen*, 29 Ohio St.3d at 54. As such, we reject Bibler's argument that this court should depart from Ohio law and treat the prior-conviction element only as a sentencing-enhancement factor.

**{¶30}** Next, Bibler urges that, even if we are unwilling to conclude that a prior conviction for domestic violence is merely a sentencing-enhancement factor, this court should, in the interest of fairness, depart from the longstanding bifurcation rule and allow him to plead guilty to the prior-conviction element and prevent the State from presenting it to the jury. Bibler bolsters his argument that he should be permitted to plead guilty to the prior-conviction element of domestic violence by reasoning that he will be unduly prejudiced should the State be allowed to present evidence of his prior conviction to the jury. Maintaining that he should be able to prevent evidence of his prior conviction from being presented

to the jury, Bibler and the trial court rely on *Old Chief*, 519 U.S. 172. However, Bibler and the trial court's reliance on *Old Chief* is misguided.

**{¶31}** The defendant in *Old Chief*, Johnny Lynn Old Chief, was charged with violating a federal statute prohibiting the possession of a firearm by anyone with a prior felony conviction. *Id.* at syllabus. Old Chief offered to stipulate to the prior-conviction element to preclude the prosecutor from revealing the name and nature of his prior felony conviction to the jury because he believed evidence revealing the name and nature of his prior conviction would unfairly prejudice his case. *Id.* at 175. The trial court rejected Old Chief's stipulation, and he was convicted. *Id.* at syllabus.

**{¶32}** The United States Supreme Court concluded that the trial court abused its discretion by rejecting Old Chief's stipulation. *Id.* at 174. The United States Supreme Court based its conclusion on the specific federal statute under which Old Chief was charged. As such, the application of *Old Chief* is restricted to situations where "the fact of the qualifying conviction is alone what matters under the statute." *Id.* at 190. "[T]he fact that Old Chief's prior conviction was for assault resulting in serious bodily injury rather than, say, for theft was not itself an ultimate fact, as if the statute had specifically required proof of injurious assault." *Id.* at 178. In situations where the underlying statute is unconcerned with the specifics of the prior conviction, the United States Supreme Court noted,

"The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instructions." *Id.* at 190-191.

**{¶33}** Bibler is requesting that this court liberally construe *Old Chief* to exclude all mention of a prior conviction if a defendant assents to the prior conviction, whether through stipulation or pleading guilty to it. In making that request, Bibler raises the same argument raised by the Sixth District that "at least three justices of the Ohio Supreme Court have recently indicated that Ohio should adopt the holding in *Old Chief*." *State v. Robinson*, 6th Dist. Lucas No. L-10-1369, 2012-Ohio-6068, ¶ 41, citing *State v. Baker*, 126 Ohio St.3d 1215, 2010-Ohio-3235 (Lundberg Stratton, J., Brown, C.J., and Pfeifer, J. dissenting). Therefore, Bibler reasons that the holding in *Old Chief* should be adopted here to preclude the State from presenting evidence of his prior domestic-violence conviction to the jury.

**{¶34}** Again, Bibler's argument is off point. A close reading of *Old Chief* does not permit this court to apply *Old Chief* in the manner Bibler urges and the manner the trial court did in arriving at its conclusion that Bibler may plead guilty to a single element of a multi-element offense and exclude all mention of the prior conviction from the jury. Similarly, the issue raised in *Baker* was whether the

holding of *Old Chief* "granting a right to a Defendant to stipulate to prior criminal convictions appl[ies] to state law prosecutions * * *." *Baker* at ¶ 4. Bibler is not arguing a right to be able to stipulate to a prior conviction. Rather, he contends that the portion of *Old Chief* precluding the name and nature of the prior conviction from the jury be extended in his case.

{¶35} Other Ohio Appellate Districts have been asked to apply *Old Chief* in the same fashion urged by Bibler, and have rejected the request. *See Robinson* at ¶ 50 (The language of R.C. 2923.13(A)(3) reflects that the General Assembly envisioned jurors learning the name and basic nature of the defendant's prior offense.); *State v. Jordan*, 8th Dist. Cuyahoga No. 73453, 1999 WL 257808, *11 (Apr. 29, 1999) (A prior conviction is an essential element of the offense, and the trial court was not presented with an adequate evidentiary alternative that would have satisfied the prior-conviction element.); *State v. Carr*, 11th Dist. Lake No. 98-L-131, 1999 WL 1314672, *3-4 (Dec. 10, 1999) (The name and nature of a defendant's prior DUI convictions were necessary, as an element of the offense, in order for the jury to find the defendant guilty of the fourth-degree felony of driving under the influence of alcohol.), citing *State v. Payne*, 11th Dist. Lake No. 97-L-284, 1999 WL 262177, *4 (Mar. 31, 1999) (The State is required to prove that the defendant had three or more prior DUI convictions within the last six years as an element of the offense charged.). *But see State v. Henton*, 121 Ohio

App.3d 501, 507-508 (11th Dist.1997) (defendant permitted to exclude evidence of a second prior felony-drug-abuse conviction "because the second conviction was not necessary to prove an element of the charged offense").

{¶36} Most pertinently, the Eleventh District addressed applying *Old Chief* to the situation where a defendant sought to stipulate to prior domestic-violence convictions to prevent the jury from learning of the prior convictions. *Nadock*, 2010-Ohio-1161, at ¶ 25. In concluding *Old Chief* was not applicable, the Eleventh District stated, "Unlike the defendant in *Old Chief*, appellant was not simply offering to stipulate to his status as a two-time domestic violence convict to the jury; rather, appellant's offer to stipulate was expressly conditioned upon the state excluding all mention of those previous convictions from the state's case-in-chief." *Id*. at ¶ 32.

{¶37} However, Bibler notes that the Eighth District acknowledged the need to adopt *Old Chief* in Ohio to prevent the State from admitting the name and nature of a prior conviction if a defendant offers to concede as much. *State v. Woods*, 8th Dist. Cuyahoga No. 78752, 2001 WL 1002233, *2 (Aug. 30, 2001). The defendant in *Woods* was charged with, among other things, having a weapon under disability in violation of R.C. 2923.13, which provides, in relevant part:

> * * * [N]o person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

* * *

(2)   The person is under indictment for or has been convicted of any

felony offense of violence * * *.

R.C. 2923.13(A)(2).   Woods stipulated to the prior conviction that led to the offense of having a weapon under disability charge. *Id.* at *1.  The Eighth District concluded, "While we are unpersuaded that *Old Chief* is entirely inapplicable in this case, we are, nonetheless, unable to find that the error complained of reaches the level of plain error." *Id.* at *5.  Bibler argues that, but for the procedural issue, the Eighth District would have adopted Old Chief to prevent the State from presenting the name and nature of a prior conviction to a jury where a defendant concedes to the prior conviction.  Further, Bibler urges this court to adopt the Eighth District's reasoning, and embrace *Old Chief*'s principles, to prevent any mention of a prior conviction where a defendant assents to it.

{¶38} Even assuming Bibler correctly argues that the Eighth District would have broadly applied *Old Chief*, the offense with which the defendant in *Woods* was charged, R.C. 2923.13, is not akin to R.C. 2919.25.  It cannot be argued that R.C. 2919.25 is not concerned with the name and nature of the prior offense.  R.C. 2919.25(D)(3) elevates the degree of the offense "if the offender previously has pleaded guilty to or been convicted of *domestic violence*."  (Emphasis added.) R.C. 2919.25(D)(3).

**{¶39}** Bibler's argument is also belied by another Eighth District case, *State v. Arnold*, 8th Dist. Cuyahoga No. 79280, 2002 WL 93423 (Jan. 24, 2002). In *Arnold*, though the Eighth District did not address *Old Chief*, it concluded that the trial court erred in preventing the State from introducing evidence of Arnold's prior domestic-violence conviction after Arnold stipulated to the prior conviction. *Id.* at *1. The Eighth District reasoned that the State must be permitted to present to the jury its case regarding *all* elements of the offense, including the fact of the prior conviction for domestic violence. *Id.* at *3.

**{¶40}** Given the above, we reject, for two reasons, Bibler's argument that *Old Chief* should be adopted to preclude the State from presenting any evidence of a prior conviction of domestic violence where a defendant fully admits to the prior conviction. First, *Old Chief* did not involve a defendant's ability to plead guilty to fewer than all of the elements of an offense; rather, *Old Chief* involved a defendant's right to stipulate to the prior-conviction element. Bibler is not seeking to stipulate to the prior-conviction element. Second, even if Bibler were seeking to stipulate to the prior-conviction element, the name and nature of Bibler's prior offense are relevant. As previously noted, the statute specifically requires proof Bibler was previously convicted of domestic violence to elevate the degree of the offense. *See* 2919.25(D)(3). Also, similar to *Nadock* and *Arnold*, Bibler is seeking to exclude all mention of his prior conviction from the State's

case-in-chief. Accordingly, we conclude *Old Chief* is inapplicable to allow Bibler to exclude evidence of his prior domestic-violence conviction.

{¶41} Furthermore, we reject Bibler's argument that this court should depart from the longstanding bifurcation rule where a defendant seeks to fully admit to the prior-conviction element by waiving his right to a trial by jury on that element. Bibler attempts to distinguish the effect of pleading guilty to an element of an offense from creating a bifurcated proceeding, in the traditional sense, by arguing that his guilty plea does not create two separate trials because he already fully admitted to the prior conviction. Bibler argues that a traditional bifurcated proceeding is not established because the trial court is permitted to convict and sentence him on the elevated offense if the jury convicts him on the underlying offense.

{¶42} The trial court concluded that it was not bifurcating the proceedings in accepting Bibler's partial guilty plea because Bibler "knowingly, voluntarily, and intelligently waiv[ed] his right to trial as to [the prior-conviction] element." (Nov. 27, 2013 JE, Doc. No. 41). In reaching its conclusion, the trial court relied on *State v. Riley*, 98 Ohio App.3d 801 (2d Dist.1994), and accepted Bibler's argument that, because a defendant may waive his or her right to a jury trial, he should have the right to waive a trial by jury and plead guilty to a single element of a multi-element offense. The trial court and Bibler's reasoning is erroneous.

{¶43} In support of his argument, Bibler argues that because the entry of a guilty plea constitutes a waiver of a jury trial, "it may be an abuse of discretion for a trial court to refuse to accept a guilty plea where it was voluntarily and intelligently made, and where the defendant was able to articulate cogent and consistent reasons for his plea." (Appellee's Brief at 2-3, quoting *State v. Tate*, 9th Dist. Summit No. 21943, 2005-Ohio-2156, ¶ 13).

{¶44} Bibler has a right to a trial by jury under the United States Constitution and the Ohio Constitution; however, Bibler does not have the right to insist on the opposite of that right. The Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 5; *Gannett Co. v. DePasquale*, 443 U.S. 368, 382 (1979), citing *United States v. Singer*, 380 U.S. 24, 34-35 (1965) ("The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right."); *State v. Griffith*, 10th Dist. Franklin No. 82AP-105, 1983 WL 3363, *2 (Feb. 17, 1983) ("There is no constitutional right to waive a jury trial, the constitutional right being to have a jury trial, not to waive one."), citing *Singer*; *State ex rel. Dayton Newspapers, Inc. v. Phillips*, 46 Ohio St.2d 457, 494 (1976) ("While an accused may waive his right to a public trial, he cannot force a private trial.").

{¶45} Similarly, as Bibler acknowledges, he does not have an absolute right to have his guilty plea accepted. *North Carolina v. Alford*, 400 U.S. 25, 37-38

(1970). It is not an abuse of discretion for the trial court to refuse to accept his guilty plea where it is knowingly, intelligently, and voluntarily made because, as we stated above, a defendant cannot plead guilty to fewer than all of the elements of an offense. Conversely, it would be an abuse of discretion for a trial court to accept his guilty plea to fewer than all of the elements of the offense.

{¶46} Next, the trial court's reliance on *Riley* is improper. The defendant in *Riley* was indicted for aggravated trafficking, with a prior drug-offense conviction, in violation of R.C.2925.03(C)(1)(c). *Id.* at 803. Riley's prior conviction raised the offense from a third-degree felony to a second-degree felony. *Id.* Prior to the start of the trial, Riley stipulated to his prior conviction. *Id.* As a result of Riley's stipulation, the trial court granted Riley's motion in limine and precluded the State from introducing into evidence, or mentioning, Riley's criminal record. *Id.* Riley was found guilty of aggravated trafficking in drugs. *Id.* Five days after the trial court entered its judgment of conviction, the trial court filed another entry stating, "It appearing to the court, by stipulation prior to the trial, that the defendant was previously convicted of Aggravated Trafficking, the State was not required to present evidence of same during its case-in-chief." *Id.* at 804. Riley appealed his conviction, arguing that there was insufficient evidence for the jury to have found him guilty of the additional element of having a prior conviction for felony drug abuse, raising the degree of his subsequent offense. *Id.*

**{¶47}** The Second District concluded that the trial court erred in removing the prior-conviction element from the jury's consideration without a proper waiver signed by the defendant. *Id.* at 805. However, the Second District found the error to be harmless after concluding that "the jury, had it been required to consider the additional element of the existence of a prior conviction for a felony-drug-abuse offense, would certainly have found for the state on that issue." *Id.*

**{¶48}** The trial court's reliance on *Riley* was erroneous because the Second District's legal analysis is flawed and because Riley sought to remove the prior-conviction element from the jury's consideration through stipulation, not by pleading guilty to the prior-conviction element. The Second District's legal analysis in Riley is improper because the Second District failed to address the longstanding bifurcation rules. Equally, in determining that *Riley* was not controlling, the Eighth District concluded that a trial may not be bifurcated when the prior-conviction element enhances the degree of the offense, regardless of whether a defendant executes a valid, written waiver. *State v. Mitchell*, 8th Dist. Cuyahoga Nos. 67490 and 67491, 1996 WL 695665, *3-4 (Dec. 5, 1996), citing *State v. Fittro*, 66 Ohio St.3d 16, 16 (1993). Additionally, a close reading of *Riley* indicates that the Second District did not contemplate a defendant waiving a jury trial on the prior-conviction element by pleading guilty to the element; rather, the Second District contemplated waiving the requirement that a jury find the

prior-conviction element exists when a defendant stipulates to that element. *See Riley* at 805.

**{¶49}** The State equates the resulting effect of allowing Bibler to plead guilty to the prior-conviction element of the offense to the two separate trials discussed in *State v. Miller*, 12th Dist. Warren No. CA2011-02-013, 2012-Ohio-997. In *Miller*, the Twelfth District concluded that the trial court erred in allowing Miller to conduct his trial in two consecutive stages—a trial by jury on a violation of operating a vehicle while under the influence of alcohol ("OVI"), and, if the jury found him guilty, then a bench trial on his prior conviction. *Id.* at ¶ 3. The trial court allowed Miller to bifurcate his trial after concluding the prior OVI conviction was not an essential element of the subsequent offense, and granted Miller's motion in limine precluding the State from presenting evidence of the prior conviction at trial. *Id.* at ¶ 3-4. The Twelfth District concluded that the trial court erred in bifurcating the proceedings and allowing the jury trial on only the remaining elements of the offense. *Id.* at ¶ 12.[10]

**{¶50}** Consequently, the rationale in *Riley* is contrary to law and *Riley* is inapplicable to the facts in this case. It was improper for the trial court to rely on *Riley* to allow Bibler to plead guilty to the prior-conviction element, and

---

[10] Miller's conviction could not be disturbed because double jeopardy had attached, even though the court found the trial court erred in bifurcating the proceedings. *State v. Miller* 12th Dist. Warren No. CA2011-02-013, 2012-Ohio-997, ¶ 15.

subsequently preclude the State from presenting evidence of the prior-conviction element at trial based on Bibler's "written waiver."

**{¶51}** Therefore, for all of the reasons stated above, the State is correct in its argument that the resulting effect of permitting a guilty plea to fewer than all of the elements of an offense creates a de facto bifurcated proceeding, which is prohibited by Ohio law. *Maynez*, 2008-Ohio-3054, at ¶ 9.

**{¶52}** We hold that the trial court erred as a matter of law when it accepted Bibler's guilty plea to fewer than all of the elements of the offense for which he was indicted. As it was erroneous for the trial court to accept Bibler's guilty plea to fewer than all of the elements of the offense, the trial court's order in limine precluding the State from presenting evidence of Bibler's prior conviction to the jury was also erroneous. It is within the trial court's discretion to admit or exclude evidence. *Sage*, 31 Ohio St.3d 173, at paragraph two of the syllabus. The trial court specifically concluded, "[I]t will not be necessary for the State to prove at trial the existence of a prior conviction element, since [Bibler] has pleaded guilty to this element." (Nov. 27, 2013 JE, Doc. No. 41). Because the trial court's order in limine is based on its erroneous acceptance of Bibler's partial guilty plea, we hold that the trial court abused its discretion in granting Bibler's motion in limine.

**{¶53}** The State's assignment of error is sustained.

{¶54} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**